### NEWTON v. BUCK.

(Circuit Court of Appeals, Second Circuit. December 8, 1896.)

ASSIGNMENT OF PATENTS—SALE BY RECEIVER IN PROCEEDINGS SUPPLEMENTARY TO EXECUTION.

Defendant, in writing, transferred to a firm certain patents, but, by inadvertence, one patent included in the agreement was omitted from the writing. All the rights acquired under the agreement were assigned by the firm to one N. Afterwards a receiver of the property and effects of N. was duly appointed by a state court, in proceedings supplementary to execution, under the New York Code. The receiver, by order of court, sold the debtor's interest in the omitted patent, and the purchaser transferred the same to defendant. Held, that the equitable title held by N. passed by this sale, and a subsequent assignment thereof by him passed no interest whatever. 72 Fed. 777, reversed.

Appeal from the Circuit Court of the United States for the Northern District of New York.

This was a suit in equity by Addie Newton against James A. Buck for alleged infringement of letters patent No. 301,087, issued July 1, 1884, to the defendant. Plaintiff's claim to the patent was found-

ed on certain assignments, as shown more fully in the opinion delivered in the circuit court. 72 Fed. 777. The decree in that court was for complainant, and the defendant has appealed.

George A. Mosher, for appellant.

Ward & Cameron (Walter E. Ward, of counsel), for appellee.

Before LACOMBE and SHIPMAN, Circuit Judges.

PER CURIAM. The bill was filed to restrain the infringement of a patent by the defendant, and for an injunction and accounting. The complainant's title is founded upon an agreement made in March, 1889, between the defendant and the firm of A. H. Newton & Co., by which the defendant transferred to that firm a number of patents of which he was the owner. The bill alleges that by a mutual mistake of the parties to the instrument, and by the mistake of the draftsman, the patent in suit was omitted from the enumeration of those intended to be transferred. The rights acquired under that agreement by the firm of Newton & Co. were assigned by them, in August, 1889, to Alfred H. Newton, and by him, in March, 1893, to James J. Dooley, and by Dooley, in February, 1894, to the complainant. Previous to the assignment from Alfred H. Newton to Dooley, and in December, 1891, a receiver of all the property and effects of said Newton was duly appointed by the supreme court of the state of New York, in proceedings supplementary to execution, founded upon a judgment obtained in that court against him. The receiver duly qualified, and on the 13th day of April, 1891, pursuant to the order of the court authorizing him to do so, sold and conveyed to one Vermilyea all the right, title, and interest of Alfred H. Newton in the patent in suit. May 5, 1895, Vermilyea sold and assigned all his right, title, and interest in the patent to the defendant. The present bill was filed in January, 1895.

The evidence is overwhelming that it was the purpose of both parties to the agreement of March, 1889, to include, among the patents transferred, the patent in suit, and that it was omitted by inadvertence from the list of those mentioned in the agreement. The obstacle in the way of the complainant consists in her want of title to the patent. The proceedings supplementary to execution, as authorized by the laws of New York, are a substitute for, and in all respects have the same force and effect as, an ordinary creditors' bill. The receiver, in such proceedings, becomes invested with the title to all the property—equitable as well as legal—belonging to the judgment debtor at the time of their institution; and the court has the powers of a court of equity in such a suit to compel him to appropriate his property, including that out of the state (see Fenner v. Sanborn, 37 Barb. 610), and transfer it to the receiver, towards the satisfaction of the judgment. In Ager v. Murray, 105 U. S. 126, it was decided that, notwithstanding a patent cannot be seized and sold on execution, it can be reached by a creditors' bill, and applied to satisfy a judgment against the owner, and a transfer by him be compelled for that purpose by the court. Although in the present case the court did not—as it might have done—compel Newton to make

a written transfer to the receiver of his title to the patent, it is en-
.tirely clear that any equitable title which he may have had vested in
the receiver, and passed by the sale to Vermilyea, and from Ver-
milyea to the defendant, by the assignment from Vermilyea. New-
ton never acquired anything but an equitable title to the patent,—
the right to compel a reformation of the agreement of March 6,
1889. . He did not acquire the legal title, because, without an as-
signment such as the statute requires to effect the transfer of a pat-
ent interest, that title remained in the prior owner, the present de-
fendant. Wilder v. Gayler, 10 How. 498. As that equitable title
had, at the date of his assignment to Dooley, passed to the receiver,
and the complainant's title is derived through that assignment, she
took nothing by the instrument. The decree is reversed, with costs
to the appellant, and with instructions to the circuit court to dismiss
the bill.