JEWETT v. ATWOOD SUSPENDER CO.

(Circuit Court, D. Vermont. March 14, 1900.)

PATENTS—TRANSFER—ASSIGNMENT IN STATE INSOLVENCY PROCEEDINGS.

A patent confers on the patentee merely an incorporeal right to exclude others from using the invention for which it is granted throughout the United States, and is transferable only according to the law of its creation. It cannot be transferred, by operation of a state insolvency law, through assignments made by the judge or an assignee in insolvency, when no personal assignment is made by the owner of record.

This was an action at law for infringement of a patent. On demurrer to declaration.

Joel C. Baker, for plaintiff.
Kittredge Haskins, for defendant.

WHEELER, District Judge. This suit is brought upon letters patent of the United States No. 286,264, dated October 9, 1883, and granted to William R. Clough for an improvement in wire buckles. The declaration alleges an assignment in writing by Clough to Beeman Bros., of Swanton, Vt., of the entire right and interest in the unexpired term of the patent on April 26th, recorded in the patent office May 12, 1890; and—

"That prior to the 5th day of May, A. D. 1894, said Beeman Bros., under the said name and style of Beeman Bros. Manufacturing Co., was adjudged to be insolvent debtors by the honorable court of insolvency for the district of Franklin, in the state of Vermont, on petition duly brought to said court for that purpose; and that Henry M. Stone, of Swanton, aforesaid, was duly appointed assignee of the estates of said insolvent debtors by said court; and that the judge of said court, by an instrument under his hand and the seal of said court, did assign and convey to the said Henry M. Stone, as assignee as aforesaid, the estate, real and personal, of said insolvent debtors, except such as was by law exempt from attachment, with their deeds, books, and papers relating thereto; and that the right and title of said Beeman Bros. in said invention and unexpired term of said letters patent were duly assigned by said conveyance to said Henry M. Stone, as assignee, as aforesaid. And the plaintiff says that on the 5th day of May, A. D. 1894, and before the committing of the grievances hereinafter mentioned, said Henry M. Stone, as assignee as aforesaid, by a certain instrument in writing, duly executed and delivered by him, and bearing date on said last-mentioned day, did grant to the plaintiff the entire right, title, and interest in and to their unexpired portion of the term of said letters patent throughout the United States, and said instrument in writing was recorded in the patent office on the 9th day of June, A. D. 1894."

The defendant has demurred, and relies upon the insufficiency of this assignment from the assignee to convey title. No other title is alleged. Of course, the plaintiff cannot maintain the action without having title at the time of infringement, and the right to maintain the action depends upon the sufficiency of this title. The allegations follow the state statutes in alleging this title. They provide (section 2096, V. S.) that the judge of the court of insolvency shall "assign and convey to the assignee the estate, real and personal, of the debtor," and (section 2098) that the assignment "shall vest in the assignee all the property of the debtor, real and personal, which he could have lawfully sold, assigned, or conveyed, or which might

be taken on execution." A patent does not confer even the right to use the invention. The inventor had that right before. It is merely an incorporeal right to ·exclude others from using the invention throughout the United States conferred by the government upon compliance with certain requirements, and is transferable only according to the laws of its creation, which the state statutes cannot affect. Hall, Pat. Est. § 11; Walk. Pat. 274. This is a personal right. Section 4898, Rev. St. U. S. Patents can be reached under the bankrupt law, because they are wholly subject to the laws of the United States. They cannot be reached otherwise for debts except by proceedings which compel a personal assignment. Ager v. Murray, 105 U. S. 126, 26. L. Ed. 942; Newton v. Buck, 23 C. C. A. 355, 77 Fed. 614. Here is no voluntary assignment from the Beeman Brothers, the assignees of the patentee, nor any compulsory assignment from them, or proceedings for compelling such an assignment. So the plaintiff does not appear to have had any patent to be infringed. Demurrer sustained, and declaration adjudged insufficient.