### DE BEKKER v. FREDERICK A. STOKES CO. et al.

(District Court, S. D. New York. February 27, 1918.)

1. COURTS ⬦493(3)—FEDERAL COURT—PENDENCY OF SUIT IN STATE COURT.

Where the enrollment of a decree of the state court, divesting defendant of literary property in copyrighted work and vesting it in complainant, was imminent, the question whether a bill for infringement of copyright could be maintained in the federal court will be disposed of, though the state court's decree had not become res judicata, and recovery for infringement depended on the vesting of the copyright in complainant.

2. JUDGMENT ⬦828(3)—FEDERAL COURT—PROCEEDING IN STATE COURT—COPYRIGHTS.

Where a decree of the state court revested complainant with literary property in a copyrighted work and assessed damages for infringement, complainant could not, no infringement thereafter appearing, maintain suit in the federal court for infringement of the copyright, because dissatisfied with the damages awarded by the state court; for, unless the decree of the state court revested the copyright in complainant, he had no standing in the federal court, and, if its decree in that particular was conclusive, it must be deemed conclusive as to the assessment of damages.

In Equity. Bill by Leander J. De Bekker against the Frederick A. Stokes Company and another. Bill dismissed.

Harold G. Aron, of New York City, for complainant.
Briesen & Schrenk, of New York City, for defendants.

AUGUSTUS N. HAND, District Judge. The Stokes Company, by a contract made in 1907 with the complainant, agreed to copyright an encyclopedia of music, which he had composed for them. They were to pay him a royalty, and had the exclusive right to print, publish, and put on the market the work. The contract also provided that, if they should desire "to sell the work outside of the regular trade—that is, by subscription, mail order, premium, special advertising, or other similar methods—they were to have the privilege of purchasing the complete rights for such special sales for the sum of $150, no royalty being payable for sales in these special ways."

The Stokes Company took out the copyright to the publication, and held the record title to it, pursuant to the above contract, published several editions, and paid the prescribed royalty. Thereafter, in 1910, they arranged with the University Society to issue the publication as part of a ten or twelve volume encyclopedia of music, and credited the complainant with $150 upon his indebtedness to them, on the theory that such a publication was covered by the terms of the contract.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

After this publication, the complainant sued, in the New York Supreme Court, the same defendants named in this suit, alleging that the publication of the copyrighted work as part of a ten-volume musical production was such a fundamental breach of contract that the entire agreement should be rescinded. This suit resulted in an interlocutory judgment in the New York court that the agreement be rescinded, that further publication be enjoined, and that the possession and control of the literary property in the copyrighted work be revested in the complainant as of the 5th day of October, 1910.

The original judgment was entered May 22, 1914, but the publication proceeded by reason of orders which were granted suspending the effect of the interlocutory judgment until November 20, 1916, when proceedings in the New York appellate courts resulted in the affirmance of the interlocutory judgment. This judgment appointed Wilbur Larremore, Esq., referee, to state the accounts between the parties, and decreed that the complainant was entitled to "such damages as flow from the breach of the contract," and was further entitled to royalties as prescribed by the contract on all sales up to the entry of the interlocutory judgment. Mr. Larremore held that the only damages which were established were royalties to the amount of $1,169.40, at the rate prescribed in the contract, and his report to that effect is before the New York Supreme Court for confirmation. The principal practical objection that Mr. De Bekker makes is that this referee received evidence of overhead charges, and thus found that there was no profit made by the University Society in its publication of the copyrighted work, although there was an actual excess of receipts over manufacturing costs.

[1] By reason of dissatisfaction with results in the state court, the complainant presses the suit in this court for infringement of copyright, and seeks damages and profits since October 5, 1910, the date as of which the New York court decreed that the contract was rescinded and the copyright was revested in Mr. De Bekker. Both parties have discussed the interlocutory judgment of the state court and whether it is res adjudicata here. If it is not, this court clearly has no jurisdiction, for then the copyright would still be vested in the Stokes Company, and Mr. De Bekker could by no possibility sue in a federal court for infringement. If, by reason of the technical rule that only an enrolled decree is res adjudicata, the state judgment is not yet probative, still a final judgment will soon be entered in that court, and the legal rights of the parties have already been defined by the highest court of that state. It therefore seems proper to discuss a situation which, if not existent, is imminent, so that I shall assume for the purpose of argument that the New York court judgment is res adjudicata.

[2] Now, the complainant here went into the only court which either could rescind his contract or give him any relief under it at the time he first brought suit. He did not merely obtain a rescission, but asked for the very damages he is seeking here, and has been given the relief he sought for. His only right to damages at the time he sued arose from the breach of his contract. He holds no copyright, except as he may be given title to it under the New York judgment by reason of

the breach of contract and consequent rescission. If, therefore, he has suffered a tortious invasion to the copyright, title to which was revested in him by judgment of the New York Supreme Court, he clearly elected to seek adequate remedy in a court of competent jurisdiction, asking from it both damages and profits arising out of the breach. These damages and profits the New York court had jurisdiction to award down to the date of the final decree. Such an action inherently based upon the contract amounted to a waiver of the tort for which he seeks to obtain redress in this court. In the state court he sued for breach of contract; in this court he sues for infringement, which is a tort, and seeks relief against it in this court of equity. He was by the interlocutory judgment of the state court allowed to prove any damages and profits which he might be entitled to, as well as the royalty prescribed by the contract. He has only failed to secure damages and profits from the referee because the latter held that he had not sufficiently proved either.

I can see no possible reason for allowing a suitor, who is dissatisfied with damages the state tribunal has allowed, to enter another court in the hope of more liberal treatment. He might have the right to do so before final judgment is awarded in the state court, if this court had independent jurisdiction; but the very existence of its jurisdiction is dependent upon the decree of the state court revesting title to the copyright, and that title is only revested by decree of the state court awarding to the complainant herein the very damages, if provable, which he seeks to obtain here. No sales of the copyrighted publication since November 20, 1916, have been proved. Consequently no infringement has been shown here, outside of the period covered by the damages which have been allowed by the interlocutory judgment of the state court. The judgment of that court, when finally entered, will give him a relief that is complete for all acts of infringement which have occurred under any theory of the case.

I have not alluded to the contention, well supported by authority, that the title to the copyright could not be revested by a judgment in Mr. De Bekker, but only by an assignment by the Stokes Company, either voluntarily made or enforced by the court in invitum. Ager v. Murray, 105 U. S. 126, 26 L. Ed. 942; Newton v. Buck, 77 Fed. 614, 23 C. C. A. 355; Jewett v. Atwood Co. (C. C.) 100 Fed. 647. The decisions hold that the United States courts can only exercise jurisdiction, where diverse citizenship does not exist, on behalf of the record owner of the copyright. Wilson v. Sandford et al., 10 How. 99, 13 L. Ed. 344; Albright v. Teas, 106 U. S. 613, 1 Sup. Ct. 550, 27 L. Ed. 295; Chadeloid Co. v. Johnson, 203 Fed. 993, 122 C. C. A. 293. I have assumed that Mr. De Bekker may have a right to invoke the aid of this court, so as to cover his rights under any situation which may arise.

The situation, therefore, comes down to this: If the proceedings in the state court are not probative, the bill must be dismissed, because the complainant is not the legal owner of the copyright in suit. If they do establish the rights of the parties, they have awarded the complainant complete relief. Upon either theory, therefore, the bill must be dismissed, with costs.