## UNITED ENGINEERING & FOUNDRY CO.
### v. COLD METAL PROCESS CO.
### No. 5233.

Circuit Court of Appeals, Third Circuit.
Jan. 3, 1934.

A. Leo Weil and J. Smith Christy, both of Pittsburgh, Pa., Melville Church, of Washington, D. C., and Jo. Baily Brown and Paul N. Critchlow, both of Pittsburgh, Pa., for appellant.

Byrnes, Stebbins, Parmelee & Blenko, Reed, Smith, Shaw & McClay, and John J. Heard, all of Pittsburgh, Pa., and Thomas G. Haight, of Jersey City, N. J., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below the Cold Metal Process Company, hereafter called plaintiff, assignee and owner of patent No. 1,779,195, granted October 21, 1930, to Abram Steckel for method and apparatus for rolling thin sheetlike metal, filed a bill against the United Engineering & Foundry Company, hereafter called defendant, and therein alleged defendant had infringed such patent "by wrongfully and without license making and selling rolling mills embodying the invention of certain of the claims of the above recited letters patent." The bill prayed for the usual injunction relief. In due course United's answer raised two defenses, first, that the patent was invalid; second, that, if valid, the plaintiff had granted it a patent license. We here note plaintiff thereupon petitioned the court to first try out the question of the existence of a license, but defendant objected thereto, and such objection was heard and determined by the court in accord with defendant's contention. Thereafter proofs were taken, and, after final hearing, the court filed an opinion in which it stated: "We have considered all the questions raised by counsel. The result of our labor is that we find the patent in suit valid, and that the defendant has not infringed the same by reason of the license contract." Thereafter the court entered its decree, viz.: "And now, to wit, this 9th day of January, 1933, this cause came on to be heard at this term, and was argued by counsel, and thereupon, upon consideration thereof, it was ordered, adjudged, and decreed as follows, viz.: That the bill be dismissed at the costs of the plaintiff." From such decree dismissing its bill the plaintiff took no appeal. The defendant appealed, and its pertinent assignment of error is: "The Court erred in dismissing plaintiff's bill of complaint, without qualification, because, while on its face said decree purports to be wholly in defendant's favor, it is not in fact so, since, if interpreted to sustain the defense of license under the patent in suit—as it must be in view of some of the Court's findings of fact and conclusions of law—it saddles upon defendant the burdens imposed by said license, and it also, necessarily, in view of other of the Court's Findings of Fact and Conclusions of Law, upholds the validity of said patent and overrules defendant's specific defense of invalidity of said patent, all of which is prejudicial and injurious to defendant."

In view of the fact that the decree dismisses the plaintiff's bill and the further fact that such decree is in accord with the specific relief prayed for in the defendant's answer. namely, "Defendant therefore prays that this bill of complaint be dismissed with costs to plaintiff," is the defendant, which has not surrendered or canceled the license, and is now enjoying the monopoly of the patent, warranted in asking this court in this appeal to convict the court below of error in its decree and here contest the validity of the patent? In that connection we note that, assuming for present purposes the defendant could plead whatever defenses it chose, the situation of standing on its unsurrendered license and insisting on a decree which does not invalidate, and therefore leaves it in possession of a licensee's rights, it follows that, enjoying and possessing such license, the defendant is not in a position to contest the validity of its licensor's patent, the monopoly and rights to which it retains. Such holding is in line with recognized authorities. Platt v. Fire-Extinguisher Mfg. Co. (C. C. A.) 59

F. 897; Harding v. Federal Nat. Bank (C. C. A.) 31 F.(2d) 914.

The motion to dismiss the appeal is granted.