## COLD METAL PROCESS CO. v. UNITED ENGINEERING & FOUNDRY CO.

No. 2991.

District Court, W. D. Pennsylvania.

Jan. 28, 1935.

See, also, 3 F. Supp. 120; 9 F. Supp. 992.

Reed, Smith, Shaw & McClay, of Pittsburgh, Pa. (by John G. Frazer, John J. Heard, and John C. Bane, Jr., all of Pittsburgh, Pa.), and Byrnes, Stebbins & Blenko, of Pittsburgh, Pa. (by Walter J. Blenko and W. H. Parmelee, both of Pittsburgh, Pa.), for plaintiff.

Patterson, Crawford, Arensberg & Dunn, of Pittsburgh, Pa. (by C. F. C. Arensberg, of Pittsburgh, Pa.), and Brown, Critchlow & Flick, of Pittsburgh, Pa. (by Jo. Baily Brown and Paul N. Critchlow, both of Pittsburgh, Pa.), for defendant.

McVICAR, District Judge.

Plaintiff, in its bill, seeks an injunction to restrain the defendant from the prosecution of certain suits in other federal District Courts, that this court, by reference to arbitration, master, or otherwise, determine the amount due to plaintiff under a certain agreement with defendant, and for the determination of future payments thereunder. Defendant filed an answer to the bill. The suit is now before us on the motion of plaintiff for a preliminary injunction to restrain the prosecution of the suits specifically referred to hereinafter and the rule to show cause granted thereon. The evidence was taken in open court, and argument was made on the issues involved.

From the evidence it appears that on June 20, 1927, plaintiff and defendant had applications in the United States Patent Office relating to four high rolling mills and the rolling of thin material; that on said date the parties entered into a contract whereby it was agreed that, if the claim or claims to common subject-matter in the applications aforesaid were granted, plaintiff would grant to defendant an exclusive license to make, use, and sell rolling mills under said claim or claims. It was further agreed in said contract that the parties shall immediately proceed to negotiate payment to be made by defendant to plaintiff for the license aforesaid, and, if the parties were unable to agree, that the matter should be submitted to three arbitrators named therein.

On October 20, 1930, the Commissioner of Patents issued to plaintiff patent 1,779,195 allowing said claims. Defendant made and sold four high rolling mills covered by said patent. On March 7, 1931, plaintiff filed a bill in equity against the defendant at No. 2506 in this court, 3 F. Supp. 120, to restrain the defendant from infringing said patent, and took the position in said suit that the contract of June 20, 1927, aforesaid, was not a valid subsisting agreement between the parties. The defendant filed an answer thereto, in which it alleged that the patent aforesaid was invalid, and also that it was not an infringer by reason of the 1927 contract. This court found that the patent aforesaid was valid, that the contract of June 20, 1927, was a valid subsisting agreement between the parties, and that by reason thereof defendant was not an infringer. The court entered a decree dismissing plaintiff's bill at its cost. An appeal was taken by defendant from this decree to the Circuit Court of Appeals of this circuit. On motion of plaintiff the appeal was dismissed by the Circuit Court of Appeals January 3, 1934. 68 F.(2d) 564. The petition of the defendant for a writ of certiorari from the decree of the Circuit Court of Appeals was denied by the Supreme Court of the United States March 5, 1934. 291 U. S. 675, 54 S. Ct. 530, 78 L. Ed. 1064. Since that time the parties have conducted negotiations for a settlement of the royalty due plaintiff under the contract of June 20, 1927. So far they have been unable to agree. The parties have also conferred as to actions against infringers; there being five other companies manufacturing mills alleged to be covered by the patent aforesaid in addition to the defendant.

On July 9, 1934, defendant brought an action in the United States District Court for the Northern District of Ohio to restrain E. W. Bliss Company from infringing said patent. On October 3, 1934, defendant brought a similar action in the District Court of the United States for the Northern District of Indiana to restrain the Illinois Steel Company, the Continental Roll & Steel Foundry Company, and the Hubbard Steel Foundry Company from infringing said patent. Plaintiff, on July 7, 1934, brought a suit against the United States Steel Corporation and the American Sheet & Tin Plate Company in the United States court for the state of New Jersey to restrain the infringement of said patent. Plaintiff also brought an action on September 21, 1934, in the United States District Court for the District of Delaware against the Continental Roll & Steel Foundry Company to restrain infringement of the patent aforesaid by said defendant.

On October 5, 1934, plaintiff filed a bill in this court under the United States Arbitration Act (sections 1–15 [9 USCA §§

1–15]) against the defendant to enforce the provision in the contract of June 20, 1927 in regards to arbitration. Defendant filed a motion to dismiss on the ground that this court was without jurisdiction under said act. This position was sustained in an opinion filed herewith. (D. C.) 9 F. Supp. 992. Defendant, on October 15, 1934, filed a bill in equity in the United States District Court for the Northern District of Ohio in which it prayed that the amount due plaintiff under the contract of June 20, 1927, be determined by arbitrators to be appointed by the court, or by a master, or otherwise, and for other relief. In the present suit plaintiff seeks, in its prayers for relief, inter alia, to enjoin the prosecution of the aforesaid suits brought by defendant, to have the amount due plaintiff, under the 1927 agreement, determined by arbitration or by a master, or otherwise, and also to fix the amount to be paid in the future.

As to the time and place for the bringing of the suits for infringement the evidence indicates that there was a scramble between the parties. Plaintiff evidently was of the opinion that it was to its interest to have the infringement suits brought in other District Courts within the same circuit as this court, as this court was the only court which had passed upon the validity of the patent involved. Plaintiff also evidently was of the opinion that it was to its interest to have the royalty or amount to be paid under the 1927 contract fixed before there were any decisions on the validity of the patent in other courts outside of this circuit. Defendant apparently is of the opinion that the amount to be paid by it to plaintiff would be affected by decisions relating to the validity of the patent involved in other districts and circuits, and therefore is desirous that the suits against infringers brought in such districts be promptly prosecuted for the purpose of procuring final decisions thereon. It would seem that both parties should be interested in the validity of the patent involved, in the prosecution of the infringers thereof, and in the determination of the royalty due plaintiff under the 1927 contract.

Plaintiff contends that the contract of 1927 is executory, and therefore that defendant has no legal standing to bring the infringement suits it has brought. The contract provides that plaintiff shall grant to defendant an exclusive license when such claim or claims are allowed. These claims were allowed October 21, 1930. Defendant complied with all precedent conditions contained in said contract for the issuance of a license on or before the date of the granting of the patent. The only executory part of the agreement is that part which relates to the payment to be made for the license. The contract provides a means by arbitration for the determination thereof if the parties cannot agree. This court held in the suit at No. 2506 that, although defendant had manufactured and sold four high rolling mills covered by the patent aforesaid, it was not an infringer by reason of the license agreement of 1927. This position seems to have been sustained by the Circuit Court of Appeals in its opinion dismissing the appeal. If defendant had any right to manufacture and sell such rolling mills, it must have been by virtue of the 1927 contract. That right must have been a license. If a license, it must have been an exclusive license under the 1927 contract. In De Forest Radio Telephone & Telegraph Co. v. U. S., 273 U. S. 236, 241, 47 S. Ct. 366, 367, 71 L. Ed. 625, the Supreme Court states: "No formal granting of a license is necessary in order to give it effect. Any language used by the owner of the patent or any conduct on his part exhibited to another, from which that other may properly infer that the owner consents to his use of the patent in making or using it, or selling it, upon which the other acts, constitutes a license, and a defense to an action for a tort. Whether this constitutes a gratuitous license, or one for a reasonable compensation, must, of course, depend upon the circumstances; but the relation between the parties thereafter in respect of any suit brought must be held to be contractual, and not an unlawful invasion of the rights of the owner."

In Keystone Type Foundry v. Fastpress Co., 272 F. 242, 244 (C. C. A. 2), it is stated: "It may be said that the 1913 contract does not in terms grant a license; it merely agrees to give one. The result is the same. American Paper-Bag Co. v. Van Nortwick, 52 F. 752, 3 C. C. A. 274. Equity will consider the license as given by the same reasoning as that which held the equitable title to have passed when the intent was to transfer a plurality of patents and one was inadvertently omitted from the writing. Newton v. Buck, 77 F. 614, 23 C. C. A. 355."

Defendant has the right, as a licensee, to bring suit against infringers under the

conditions set forth by the Supreme Court in Independent Wireless Tel. Co. v. Radio Corp., 269 U. S. 459, 46 S. Ct. 166, 70 L. Ed. 357. It might also be added that this contention of plaintiff can also be raised by it in the courts in which the infringement suits brought by defendant are pending; plaintiff having been made a party in such suits.

■ Plaintiff contends that a preliminary injunction should be granted to restrain the prosecution of the suits aforesaid on the ground of fraud and collusion of defendant with others. Plaintiff claims that the purpose of the fraud and collusion is to have the patent involved declared invalid, and also to delay payment of royalty under the 1927 agreement. While defendant may have been guilty of fraud prior to the decree at No. 2506, the evidence does not establish fraud in the bringing and in the prosecution of said suits. The evidence discloses that there was no agreement between the plaintiff and the defendant in the infringement suits in relation to said suits, that said suits were brought in good faith, and that it was the intention of plaintiff to prosecute said suits with diligence to a final decision. As evidence of defendant's good faith, it appears by the evidence offered and by the statement of counsel in open court that defendant is willing to have plaintiff's counsel in this case, who are the counsel at No. 2506, represent defendant in the prosecution of the infringement suits. The suit brought by defendant against plaintiff to determine the amount of the royalty under the 1927 agreement, in the United States District Court for the Northern District of Ohio, was brought in the only district in which service of process could be had on the plaintiff. It was brought in the state where plaintiff is incorporated and in the district where its office is located. Defendant does not contemplate the bringing of other suits for the infringement of the patent involved at this time. The courts where the suits aforesaid are pending have ample power to protect plaintiff's legal and equitable rights under the patent and contract aforesaid.

Plaintiff contends that a preliminary injunction should issue, as it will suffer irreparable damages if not granted, and that defendant will not suffer any substantial injury. The damages suggested by the plaintiff were in the taking of depositions as to alleged anticipations of the patent involved. The plaintiff will have to meet the same expense in the prosecution of the suits brought in New Jersey and Delaware. It would also seem that the prosecution of those suits might be very expensive to plaintiff, as said suits will have to be tried at points somewhat distant from the district in which plaintiff is located. Plaintiff is entitled to have its rights under the 1927 contract decided with reasonable expedition. It would also seem to be of advantage to both parties that the suits against infringers now pending be decided promptly.

For the reasons expressed herein, the motion for a preliminary injunction should be refused and the rule to show cause granted thereon should be discharged.

Let an order be prepared accordingly.