## COLD METAL PROCESS CO. v. UNITED ENGINEERING & FOUNDRY CO.

### No. 2991.

District Court, W. D. Pennsylvania.
Feb. 18, 1942.

Stebbins & Blenko and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for plaintiff.

Brown, Critchlow & Flick and Patterson, Crawford, Arensberg & Dunn, all of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This action is now before us on the motion of the defendant filed June 20, 1941, for permission to file and serve upon the plaintiff a second supplemental answer and counterclaim, a copy of which is attached to the motion.

In the proposed second supplemental answer and counterclaim it is averred, inter alia, that the plaintiff and the Carnegie-Illinois Steel Corporation, August 30, 1940, entered into an agreement whereby said Carnegie-Illinois Steel Corporation and its subsidiaries were granted an unlimited non-exclusive license and release under patent No. 1,779,195 of the plaintiff; that the defendant is not required to account for the value of the license which it holds under the aforesaid patent until said patent is held valid by a court of competent jurisdiction; that the contract, aforesaid, was in violation of the rights of the defendant and was an injury to it; that the plaintiff is soliciting contracts of the same nature from other metal manufacturers and that the facts averred constitute an irreparable injury to the defendant. In said answer and counterclaim it is prayed: First "that no further proceeding be taken with respect to any payments alleged to be due from the defendant to the plaintiff" by reason of the conduct alleged. The second prayer, in the alternative, is that no further proceedings be taken until the patent aforesaid has been held valid and has been enforced by a court of competent jurisdiction; and the third prayer is for an injunction from offering to other metal manufacturers similar agreements. There also is a prayer for general relief.

The first suit of the plaintiff against the defendant on the aforesaid patent was filed in this court March 7, 1931. 3 F.Supp. 120. Defendant filed an answer, alleging that said patent was invalid and a second defense, only, if the patent is found valid; that it holds a license from the plaintiff, and, therefore, is not an infringer. This court held that the patent was valid; that the defendant had not infringed the patent by reason of a license issued by the plaintiff to the defendant under agreement of June 20, 1927. The appeal taken to the Third Circuit Court of Appeals was dismissed. 68 F.2d 564.

November 17, 1934, plaintiff brought a second action against the defendant to restrain the defendant from proceeding with certain actions in other districts, wherein the question of validity of the aforesaid patent was raised and for the specific performance of the aforesaid license agreement. This court refused plaintiff's application for a preliminary injunction. 9 F.Supp. 994. On appeal, the decree of this court was reversed. 3 Cir., 79 F.2d

666. Upon a final hearing in said case, this court found that the aforesaid agreement was a valid, subsisting agreement between the parties; that the plaintiff was entitled to an accounting for the value of the license which defendant held thereunder and granted an injunction restraining the prosecution of the aforesaid actions. On appeal, 3 Cir., 107 F.2d 27, 32, the court found that that part of the decree restraining the defendant from the prosecution of suits in other district courts should be set aside and that the agreement of 1927 is " 'a valid and subsisting contract' for a license. This 'contract' has been partly performed and equity requires that it be completed by supplying the amount which United must pay for the license in accordance with the intention of the parties."

The Court's mandate read: "the decree of the said District Court in this cause be, and the same is hereby modified in accordance with the opinion of this Court, and when so modified, affirmed with costs."

On appeal from a decision of the District Court of New Jersey, the Circuit Court of Appeals of this circuit found that the aforesaid patent was valid. Cold Metal Process Co. v. Carnegie-Illinois Steel Corp., 3 Cir., 108 F.2d 322.

Subsequently, the plaintiff entered into the contract dated August 30, 1940 with the Carnegie-Illinois Steel Corporation, wherein it was set forth that the plaintiff was the owner of four patents, one of which was the aforesaid patent; that the rights of the plaintiff in the aforesaid patent was subject to the agreement with the defendant dated June 20, 1927. It was agreed that the plaintiff granted to the Carnegie-Illinois Steel Corporation and to all its subsidiaries, an unlimited, non-exclusive right and license under the aforesaid four patents. It was also agreed therein by plaintiff to hold the Carnegie-Illinois Steel Corporation and its subsidiaries harmless against any right asserted by defendant under the agreement of June 20, 1927.

After the execution of said contract, the Circuit Court of Appeals withdrew its aforesaid opinion finding the aforesaid patent valid, and directed the District Court to dismiss the bill pending before it on the ground that the subject matter thereof was then moot.

Defendant relies, as authority for its right to file this second supplemental answer and counterclaim, on Rule 15(d), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, which reads: "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."

The Supreme Court of the United States in Mackall v. Richards, 116 U.S. 45, 47, 6 S.Ct. 234, 235, 29 L.Ed. 558, stated: "A motion was made by Mackall in the court below, after the mandate was received, for leave to file what was called a 'supplemental bill,' but which was in reality a supplemental answer to the original bill, setting up new defenses growing out of matters occurring since the original decrees. This was properly denied. No discretion was left in that court to grant such a motion. The order of this court was in effect to enter the precise decree which has been made."

In Pocono Rubber Cloth Co. v. J. A. Livingston, Inc., 3 Cir., 92 F.2d 290, 291, the Court stated: "When a case in equity has been carried to an appellate court, and the mandate from that court goes down to the trial court, it is the duty of that court to enter a decree in conformity with the mandate and do nothing contrary to it or vary it. D'Arcy v. Jackson, etc., Co., 6 Cir., 212 F. 889; Richards v. Harrison et al., D.C., 218 F. 134, 137; Williams v. Ansehl, 8 Cir., 279 F. 550; Goldwyn Pictures Corporation et al. v. Howells Sales Co., Inc., et al., 2 Cir., 287 F. 100, 102. In entering the decree allowing damages and profits, the District Court went beyond the law of the case and exceeded its authority." See Durant v. Essex Co., 101 U.S. 555, 556, 25 L.Ed. 961.

The decree of this court in this case, as affirmed by the Circuit Court of Appeals, is final and cannot now be modified or changed.

That decree provides for an accounting to determine the value of the license which defendant holds under the agreement of June 20, 1927. Any relevant acts of the plaintiff, including the acts averred in the proposed second supplemental answer and counterclaim, are proper for consideration in the determination of the value of the license received by the defendant from the

plaintiff. Any right of the defendant against the plaintiff, other than the value of the license under the aforesaid contract, can be properly made the subject matter of another action by the defendant against the plaintiff.

It is not necessary to determine whether defendant has been guilty of laches in the making of the motion now before us, but it appears that it had knowledge of the agreement between the plaintiff and the Carnegie-Illinois Steel Corporation about seven months prior to April 15, 1941, which is the date the Carnegie-Illinois Steel Corporation was to pay (and did pay) $1,925,000. It took no action thereon until the making of the motion now before us.

I am of the opinion that the rights of the defendant will be fully protected by the refusal of the motion, and that under the facts and the law applicable thereto, that it should be refused.