# LOCKWOOD v. HERCULES POWDER CO.
## No. 4302.

District Court, W. D. Missouri, W. D.

Jan. 2, 1947.

Robert L. Robertson, Henry A. Riederer and Frederick J. Freel, all of Kansas City, Mo., for plaintiff.

Stevens & Brand, of Lawrence, Kan. and Madden, Freeman, Madden & Burke, of Kansas City, Mo., for defendant.

RIDGE, District Judge.

Plaintiff brings this action for and on behalf of himself and others similarly situated under the Fair Labor Standards Act, 29 U.S.C.A. 216(b), for unpaid overtime wages claimed to be due from defendant.

Defendant's responsive pleading to the petition so filed by plaintiff, made pursuant to Rule 12(b), Federal Rules Civil Procedure, 28 U.S.C.A. following section 723c, is a motion to dismiss or, in the alternative, motion to strike or, in the alternative, a motion for more definite statement or bill of particulars, each alternative being made without waiver of or prejudice to each of the motions so made. In said motion defendant seeks, at the threshhold

of this action, to have the same dismissed insofar as it seeks a recovery of overtime compensation for employees of defendant whom plaintiff alleges are similarly situated with him, because no facts are alleged in the petition revealing any authority in plaintiff to maintain this action in their behalf. Section 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. 216(b), creates a cause of action in favor of an employee against an employer who violates the provisions of Sections 6 or 7 of said Act, 29 U.S.C.A. §§ 206, 207, and permits such employee to institute such action in any court of competent jurisdiction "for and in behalf of himself * * * and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for or in behalf of all employees similarly situated." This Court has previously ruled that in an action instituted by an employee under the above provisions of the Fair Labor Standards Act, such employee may maintain said action for and on behalf of himself and all other employees similarly situated, but a recovery can be had in such an action only by the employee who institutes said action; or by one who alleges and establishes by evidence that he is the authorized representative of other employees specially authorized by them to maintain said action in their behalf; or by other employees who individually or collectively may intervene in said action. Gustafson v. Fred Wolferman, Inc., D.C., 6 F.R.D. 503. The previous ruling of this Court is consonant with the decision of the Third Circuit Court of Appeals in the case of Pentland et al., v. Dravo Corporation, 152 F.2d 851, construing the foregoing provision of said Act of Congress. Until modified by some court having superintending control over the decision of this court, the rule of "stare decisis" and the decision of the Third Circuit in the Pentland case, supra, compel that the instant assignment of defendant's said motions, addressed to the above subject, be overruled.

■ II. In its consolidated motion, defendant makes the further assignment that plaintiff fails to allege in his petition facts establishing that plaintiff, or any other employee similarly situated with him, has a cause of action under the Fair Labor Standards Act, supra, in that the petition does not reveal that plaintiff, while in the employ of defendant, was (a) engaged in commerce or (b) engaged in the production of goods for commerce. Consequently, defendant asserts, this court has no jurisdiction of this cause and no cause of action is stated in the petition upon which relief can be granted. The decisions of the Supreme Court of the United States construing the Act in question universally hold that the application of said Act is dependent upon the nature of the duties the employee performs for the employer and not on the character of the employer's business, and that an employee, to sustain a right of recovery under the Act, must plead and prove that in the performance of his duties he was (a) engaged in commerce or (b) engaged in the production of goods for commerce. Warren-Bradshaw Drilling Co. v. Hall, 317 U.S. 88, 63 S.Ct. 125, 87 L.Ed. 83; Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460; Kirschbaum v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638.

■ The petition contains allegations to the effect that the defendant is a corporation existing according to law, engaged in the manufacture and production of, firearms, explosives, and other detonating instruments and mixtures for use, shipment and consumption in and through Missouri, Kansas and other states of the Union and foreign countries, and as such is and was at all times mentioned here engaged in commerce and in the production of goods for commerce between the several states; that plaintiff was employed and required to work and engaged in the actual mixing, making and manufacture of said company's products, and that at various times he was employed as acid pumper and in the maintenance department of defendant. The period of time plaintiff worked in each said department is set forth in the petition. The regular hours of his employment are alleged as to each said position and the amount of overtime which he claims he worked, and for which he was not compensated, is also alleged.

It is manifest from the foregoing that plaintiff alleges in his petition facts sufficient to bring himself within the purview of the Fair Labor Standards Act, supra, while performing duties in the employ of defendant; that he claims to have performed duties incident to his said work in addition to his regular hours of work, for which he claims he was not compensated by defendant in accordance with said Act. So revealing, the petition establishes that as to plaintiff's individual claim this Court has jurisdiction of this cause of action, and that the petition herein contains a plain statement of the claim for which plaintiff asserts he is entitled to relief, as provided by Rule 8(a), F.R.C.P. By such pleading defendant is informed of the exact duties which plaintiff claims were performed by him in the production of goods for commerce while in its employ, and the claim for work which plaintiff asserts he was not compensated for in accordance with the Fair Labor Standards Act. As to plaintiff's individual claim, defendant's consolidated motion is overruled.

▆ In connection with this assignment, defendant asserts that plaintiff should allege facts in his petition which would establish that "the goods delivered to defendant were the property of the United States, acquired for purposes of war, and not for commerce" and that "such goods, while in the possession of defendant, remained exclusively the property of the United States" and were "designed for purposes of war and not for commerce". If such be the true facts, as defendant contends, they are defensive in nature and not essential to the statement of a cause of action by plaintiff. There is nothing in the record in this case to show that plaintiff has any knowledge of such facts or that by virtue of his employment by defendant he could or would have had any such knowledge. The contrary would be a reasonable assumption from the allegations contained in the petition.

▆ III. What has heretofore been said does not, in its entirety, relate to "unnamed claimants" for whom plaintiff also brings this action. Such unnamed claimants must at some stage of this proceeding be named as parties or as specific beneficiaries of this action in some amended or supplemental pleading filed herein, and facts must be alleged in said pleadings relative to each of said employees that establishes that in the course of performing service for defendant, without regard to the general nature of defendant's business, they as employees were engaged in the production of goods within the meaning of the Act in question, and that such production of goods was for interstate commerce.

By the allegations of the instant petition, plaintiff seeks a recovery for overtime compensation on his own behalf amounting to $1,824.47. In paragraph 9 of the petition, he alleges that the amount defendant owes to employees similarly situated is estimated at the sum of $750,000, and that defendant is also liable for reasonable attorney's fee for the bringing and prosecution of this action and an additional estimated amount of $50,000 for double time work. In the prayer of said petition plaintiff prays for the sum of $751,824.47 unpaid compensation; for an additional sum of $50,000 for double time worked, for an additional amount of $751,824.47 as liquidated damages, and for a reasonable attorney's fee in the amount of $100,000, or a total sum prayed for by plaintiff of $1,653,648.94, together with costs.

The petition is devoid of any facts supporting the conclusions thus made by plaintiff in said paragraph 9 of his petition on the amounts prayed for in the prayer of said petition.

▆ Defendant in its consolidated motion has moved to strike paragraph 9, as well as the prayer, from said petition. In light of what has heretofore been said, in the present state of this action, paragraph 9, and the prayer of plaintiff's petition, insofar as they attempt a recovery in this action for more than the amount of plaintiff's individual claim against defendant, amounting to $1,824.47, and a reasonable attorney's fee for the bringing of this action, should be and the same are, to that extent, stricken from the petition. This does not mean that this action is here dismissed as to employees of defendant similarly situated with the plaintiff. Such other

28

employees may be made parties to this action, either by joining with plaintiff as an original party, or by intervention individually, or by groups, or by designating some person to maintain this action for and in their behalf. Until the pleadings establish such facts no cause of action can be stated as to unnamed employees.

■ The question now remains: At what stage of this proceeding should presently unnamed employees, similarly situated as is plaintiff, designate a representative to maintain this action for and in their behalf, or otherwise become parties to this action.. Section 16(a) of the Fair Labor Standards Act, supra, does not by its terms create an unconditional right of intervention in an action instituted thereunder. Said section does, however, create a permissive right of intervention which squarely comes within the purview of Rule 24(b), F.R.C.P. Said rule provides: "Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Note such right of intervention is to be granted upon a timely application. This somewhat delimits the right of presently unnamed employees to intervene in this action for in construing said rule the courts are unanimous in requiring prompt action on the part of an intervenor who seeks to assert rights in a suit to which he is not a party. Mullins v. De Soto Securities Co., Inc., D.C., 45 F.Supp. 871; United States v. Columbia Gas & Electric Corp., D.C., 27 F.Supp. 116, appeal dismissed Missouri-Kansas Pipe Line Co. v. United States, 3 Cir., 108 F.2d 614, certiorari denied Missouri-Kansas Pipe Line Co. v. Columbia Gas & Electric Corp., 309 U.S. 687, 60 S.Ct. 887, 84 L.Ed. 1030. However, said rule is silent as to what constitutes a timely application, so in this, as in other cases, the answer must be found in the sound discretion of the trial court. Simms v. Andrews, 10 Cir, 118 F.2d 803. Latitude is allowed for intervention in a case such as this within whatever time scope the justice of the case may appear to warrant. In view of the nature of this action, it is apparent that justice requires that any intervention by presently unnamed employees should be required to be made herein before any trial on the merits. Otherwise presently unnamed employees would not be concluded by any judgment rendered after such a trial. Then, too, interventions after a decree are very unusual and are seldom granted. Baltimore Trust Co. v. Interocean Oil Co., D.C. 30 F.Supp. 484. To allow an intervention in an action such as this, after judgment, would permit presently unnamed employees to gamble on the outcome of this action and require practically a retrial of the original issue. Each employee seeking to recover under the Act in question is obliged to adduce evidence establishing that he was engaged in the production of goods within the meaning of the Act and that such production of goods was for interstate commerce. A trial of such issues, as to presently unnamed employees, after judgment between the original parties, would only tend to "Unduly delay or prejudice the adjudication of the rights of the original parties". An intervention having such an effect should not be granted. Rule 24(b), F.R.C.P., supra.

■ A pre-trial conference will be held in this cause shortly before a trial on the merits is had. Such conference is designed to simplify the issues and to eliminate surprise from the preparation and trial of cases. One of the vital purposes, if not the outstanding purpose, of pre-trial conference is to acquaint the parties and the court with the real issues of fact and law in a case so they may be intelligently informed as to what questions will be for determination at a trial on the merits. To participate in such a conference the parties have the right to know who are the parties that will be bound by the action and what each party is claiming. "The defendant [in this action] has the right to know by whom it is being sued and for what, in order that it may prepare its defense." Lofther v. First Nat. Bank of Chicago, D.C. 45 F.Supp. 986–990.

■ Although Rule 24(b), supra, may be used to control the right of intervention

in this action, it does not limit the right of plaintiff to amend his petition, or the filing of supplemental pleadings, naming other employees who desire to join in this action; cf. Pentland v. Dravo Corp., supra. We believe, however, that said rule does contain a yardstick by which this court, in its sound judicial discretion, may limit the time, in this proceeding, when defendant should be informed as to which of its employees, former or present, are to be included in this action. A sound judicial discretion in that respect is, we believe, at or prior to the time a pre-trial conference is held in this cause. Therefore, plaintiff in this action shall name the other employees on whose behalf he brings this action; or such other employees who desire to intervene in this action, or participate in this action by designating some representative to maintain this action for and in their behalf, shall do so by amended pleading, or otherwise, on or before the time a pre-trial conference is held in this cause. Otherwise this action shall abate as to unnamed employees. Gordon v. Paducah Ice Mfg. Co., D.C., 41 F.Supp. 980; Shain v. Armour & Co., D.C., 40 F.Supp. 488.

IV. Defendant also, in its consolidated motion, raises the question of limitation of actions. Limitation of actions is an affirmative defense and cannot be raised under the present state of the pleadings in this action by a motion such as defendant here filed.

Other assignments, including the proper venue of this action, are contained in defendant's consolidated motion, but are not supported by brief, or authorities relied on, as required by local court rule. Such other assignments are personal to defendant and may be waived. Failure to sustain such assignments by brief, as required by local court rule, are deemed an abandonment and waiver thereof.

Defendant's motion to dismiss, or in the alternative to make plaintiff's petition more definite and certain, is overruled. Defendant's alternative motion to strike is sustained to the extent indicated in this opinion.

It is so ordered.