**SHIPLEY et al. v. PITTSBURGH & L. E. R. CO.**

Civ. A. No. 5586.

District Court, W. D. Pennsylvania.

Jan. 19, 1948.

See also 7 F.R.D. 33.

Alexander Unkovic and Kountz, Fry, Staley & Meyer, all of Pittsburgh, Pa., for plaintiffs.

James R. Orr and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

This matter comes before the Court on motion of three additional plaintiffs for leave to intervene as party plaintiffs. To this motion the defendant has objected and it is contended that by order of this Court filed on April 25, 1947, it was directed that plaintiffs' counsel was limited to a time of 30 days prior to October 27, 1947, to file any additional motions for leave to join additional persons as party plaintiffs. It was further ordered that on failure of any additional persons to request leave to intervene as party plaintiffs within said period of time, said cause of action shall abate as to all other unnamed employees.

This action was originally filed on April 10, 1946, when 24 persons were named as plaintiffs; on September 18, 1946, leave was granted to join 58 additional persons as party plaintiffs; on October 7, 1946, leave was granted to join 29 additional persons as party plaintiffs, and on April 25, 1947, leave was granted to join 26 additional persons as party plaintiffs.

A pre-trial conference in connection with this proceeding was held by the Court on the 24th day of April, 1947, and at the time of said conference the Court fixed the 27th day of October, 1947, as the time for trial.

For reasons which, no doubt, were personal to the plaintiff, it was requested that the trial fixed for the 27th day of October, 1947, be continued generally and, in connection therewith, the defendant offered no objection. Subsequent to the continuance generally, the Court fixed the 16th day of February, 1948, as the time for trial.

It appears to me that there was an ample period of time between April 25, 1947, and the period of thirty days prior to October 27, 1947, the date originally fixed for trial, for plaintiffs' counsel, or any other individuals who had a common question of law or fact, to present an appropriate motion to the Court for leave to intervene.

The motion for leave to intervene was filed by virtue of the provisions of Rule 23(a) (3) and Rule 24(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Rule 23(a) (3) provides, inter alia, that if persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, may institute an action when the character of the claim sought to be enforced is several, and there is a common question of law or fact affecting the several rights and a common relief is sought. Rule 24(b) provides, inter alia, that upon timely application anyone may be permitted to intervene in an action when an applicant's claim or defense and the main action have a question of law or fact in common.

 Rule 24(b) does not contain a yardstick by which the Court, in its sound judicial discretion, may limit the time when the defendant should be informed as to which of its employees, former or present, are to be included in an action which has been filed. I believe that a sound judicial discretion was exercised when I ordered on April 25, 1947, that all former or present employees who desired to intervene should file an appropriate motion within 30 days prior to the time this case had been originally fixed for trial on October 27, 1947.

It has been held that a time at or prior to the time of a pre-trial conference is a reasonable time for leave of additional persons to request the right to intervene. Lockwood v. Hercules Powder Co., D.C., 7 F.R.D. 24.

 Where other employees who are not joined as party plaintiffs are similarly situated as those involved in the proceeding, the action of the Court in disposing of the proceeding does not become final as to those who do not join. Shain v. Armour & Co., D.C., 40 F.Supp. 488; Gordon v. Paducah Ice Mfg. Co., D.C., 41 F.Supp. 980, 981.

In the exercise of the court's discretion, it is necessary that consideration be given not only to the claims of the prospective plaintiffs, but also fair consideration should be given to the interests of the defendant. Since a pre-trial conference was previously held and a period of five months between April and October, 1947, was extended to plaintiffs' counsel for leave to file additional requests for leave to intervene, and the continuance of the proceeding on October 27, 1947, was on the basis of the request of plaintiffs' counsel, I believe it would be an abuse of discretion to modify or change the order filed on April 25, 1947.

The motion for leave to intervene three additional persons as party plaintiffs is refused.