## UNION NAT. BANK OF YOUNGSTOWN, OHIO, v. SUPERIOR STEEL CORPORATION.

### Civ. A. No. 5812.

United States District Court
W. D. Pennsylvania.

Feb. 15, 1949.

Amended Motion to Dismiss March 1, 1949.

---

118

See also 9 F.R.D. 124, 123, 128

Howard F. Burns and Baker, Hostetler & Patterson all of Cleveland, Ohio, Clarence B. Zewadski and Whittemore, Hulbert & Belknap all of Detroit, Mich., and William H. Webb and Webb, Mackey & Burden all of Pittsburgh, Pa., for plaintiff.

Robbin B. Wolf, Louis Vaira, Elder W. Marshall, Robert J. Dodds, and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., and Charles H. Walker, Clarence D. Kerr, Robert B. Whittredge, William F. Moss, III and Fish, Richardson & Neave, all of New York City, for defendant.

Jo. Bailey Brown, of Pittsburgh, Pa., for petitioner United Engineering & Foundry Co.

O'CONNELL, Circuit Judge.

■ On January 3, 1949, plaintiff filed, and a hearing was had on, a motion to dismiss its complaint in the case at bar. The complaint had been filed on June 20, 1946, and the answer of defendant had been served in October, 1946. Under the provisions of Federal Rules of Civil Procedure, rule 41(a)(2), 28 U.S.C.A., since no stipulation of dismissal was also filed, the action may be dismissed only "upon order of the court and upon such terms and conditions as the court seems proper."

The complaint alleges that defendant has been infringing letters patent Nos. 1,744,016 and 1,779,195 by using rolling mills embodying the patented inventions and by using the patented methods. It seeks an injunction against further infringement, an accounting for profits and damages, and costs "and such other and further equitable relief as seems proper."

Should the instant motion be granted, plaintiff has expressed willingness to agree that it will not again assert a claim against defendant for the alleged infringement by defendant. Plaintiff, however, has also asked that the dismissal be without awarding costs to either party. Assigned as the principal reason for the instant motion is the representation of plaintiff that only recently did plaintiff obtain full knowledge of certain indemnity commitments made to defendant by E. W. Bliss Co. ("Bliss") and United Engineering & Foundry Co. ("United"), suppliers of the mills in question; and, so far as this user is involved, plaintiff now desires that plaintiff, United, and Bliss be relegated to determination of

their rights and liabilities in actions between them directly.

Defendant denies the representations and alleges that the instant complaint demonstrates procedure similar to "the pattern of plaintiff's coercive use of litigation for the purpose of exacting settlements and at the same time avoiding adjudication of its patents." Defendant has opposed the motion unless, in addition to the covenant not to sue defendants on these patents, plaintiff further agrees (1) not to sue defendant for "infringement of any patent which plaintiff has owned or controlled during any part of the period during which this suit has been pending," (2) not to bring or maintain any claim for infringement of the instant patents against any other person, including specifically United and Bliss, "by reason of any acts relating to defendant's mills, or by reason of the guarantees to the defendant by the suppliers of said mills," and (3) to pay defendant "its taxable costs, and all expenses incurred by said defendant in its preparation for trial, including amounts expended by it for counsel and attorneys' fees in connection with this case."

In considering the request of the plaintiff and in ascertaining what conditions, if any, the Court would deem proper should said motion be granted, a study of the history of these patents is relevant.

The patents were issued in 1930. Not long thereafter, the predecessor in title to plaintiff instituted suit in this Court against United on Patent No. 1,779,195. It was held that the patent was valid and United was a licensee thereof; Cold Metal Process Co. v. United Engineering & Foundry Co., D.C.W.D.Pa.1933, 3 F.Supp. 120, appeal dismissed 3 Cir., 1934, 68 F.2d 564, certiorari denied 1934, 291 U.S. 675, 54 S.Ct. 530, 78 L.Ed. 1064. This Court then not only dismissed a petition by plaintiff for the appointment of arbitrators, D.C. W.D.Pa.1935, 9 F.Supp. 992, but also discharged a rule to show cause why plaintiff should not be granted a preliminary injunction restraining United from prosecuting suits elsewhere, D.C.W.D.Pa.1935, 9 F.Supp. 994. The latter holding was reversed on appeal 3 Cir., 1935, 79 F.2d 666.

Eventually this Court found a contract between plaintiff and United to be valid and subsisting, 1938, 36 U.S.P.Q. 143, affirmed 3 Cir., 1939, 107 F.2d 27, as a result of which a master was appointed, in proceedings still pending, to determine what payments United should make to plaintiff. In 1942, this Court refused a motion by United to file a second supplemental answer and counterclaim, D.C.W.D.Pa.1942, 43 F.Supp. 375.

About thirteen years ago, Bliss filed a declaratory judgment action against plaintiff in the Northern District of Ohio. Highlights of that proceeding include the reversal of a lower court decree which dismissed the bill on the ground of failure to state a justiciable controversy, E. W. Bliss Co. v. Cold Metal Process Co., 6 Cir., 1939, 102 F.2d 105, and subsequent orders granting a motion of patentee for production of documents D.C.N.D.Ohio 1940, 1 F.R.D. 193, and overruling a motion by Bliss for summary judgment, D.C.N.D. Ohio 1942, 47 F.Supp. 897. This case, delayed by the advent of war, is still pending.

The predecessor in title to plaintiff also brought suit against the American Sheet & Tin Plate Co. (later Carnegie-Illinois Steel Corporation) in the District Court of New Jersey on the two patents here involved and two other patents as well. The learned district judge found Patent No. 1,744,016 to be valid and infringed, and Patent No. 1,799,195 to be invalid, Cold Metal Process Co. v. American Sheet & Tin Plate Co., D.C.N.J.1938, 22 F.Supp. 75. On appeal, this decree was affirmed as to the former and reversed as to the latter patent, Cold Metal Process Co. v. Carnegie-Illinois Steel Corp., 3 Cir., 1939, 108 F.2d 322, certiorari denied 1940, 309 U.S. 665, 60 S.Ct. 590, 84 L.Ed. 1012, rehearing denied 1940, 309 U.S. 697, 60 S.Ct. 709, 84 L.Ed. 1037. The opinion of the Court of Appeals stating that both patents here involved were valid and infringed was later withdrawn and the bills of complaint dismissed as moot 3 Cir., 1940, 115 F.2d 33.

At the present time, infringement suits brought by plaintiff are pending in at least four other jurisdictions. To date, the

patentee has collected more than $28,000,000 on these patents, of which sum more than one-third has been paid without prior institution of litigation. An action by the government, for cancellation of these patents for fraud in the procurement or mutual mistake of fact, has failed; United States v. Cold Metal Process Co., D.C.N.D. Ohio 1945, 62 F.Supp. 127, affirmed 6 Cir., 1947, 164 F.2d 754, certiorari denied 1948, 334 U.S. 811, 68 S.Ct. 1016, rehearing denied 1948, 334 U.S. 835, 68 S.Ct. 1343.

In the light of the results of the litigation so far, it cannot be held on the pleadings filed in this case that plaintiff capriciously brought this action.

Should the request of plaintiff be granted?

At the outset, it should be remembered that both patents have now expired. Consequently, there is little, if any, public interest involved. The matter now has become one of profits, damages, and costs alone. If the instant case were to proceed to trial and it were determined that defendant had infringed valid patents, plaintiff would have no basis for injunctive relief. On the other hand, were the motion to be dismissed and plaintiff compelled to go to trial on the merits, the position of defendant could differ but little, if at all, from that which would obtain if its defense were upheld that, regardless of the validity of the patents, the use by defendant does not constitute infringement.

Therefore, an extended hearing in this action on the question of validity would serve but one purpose, that of determining a basis for a claim for infringement. Since plaintiff now abandons its claim against defendant for infringement and is prepared to agree not again to sue defendant on the patents in question, and since defendant or its indemnitors would be spared the cost and expense of a long and extended trial, it would appear to be to the best interests of defendant to avoid the necessity of an extended trial, when substantially the same protection can be afforded the defendant in an order for dismissal as defendant would obtain from a successful defense on the merits.

What terms and conditions, if any, should be imposed? As stated above, defendant effectually has urged (1) that it be protected against plaintiff asserting any claims based on any other patents which plaintiff might have possessed during the pendency of the instant complaint, (2) that plaintiff covenant not to bring or maintain suits against the suppliers of defendant on the instant patents, and (3) that plaintiff be required to defray the expenses thus far incurred in defense against the complaint at bar.

As to the first of these proposals, assuming arguendo that this Court has the power under Rule 41(a)(2) so to order, I deem such a provision to be unwarranted for, if plaintiffs were to proceed to trial in the case at bar and lose on the merits, plaintiff would not be foreclosed from later bringing suit upon patents other than those here involved.

As to the second of these proposals, it is apparent that much of the activity of defendant to date in the instant case has been closely responsive to the desires of Bliss and United. Recognition of who would be the real beneficiaries of a covenant not to sue United and Bliss facilitates determination of its desirability. About two weeks after the instant complaint was filed, defendant sent to Bliss a letter in which defendant called upon Bliss to assume defense of the suit and to indemnify defendant against any decree and costs which might be entered against defendant in the suit. A similar letter was sent to United. United, Bliss, and defendant then participated in conferences, as a result of which all agreed that, "in lieu of having United and Bliss come in and defend the case in literal compliance with their guarantees, Superior will conduct the defense itself, being reimbursed by Bliss and United for the expense of doing so," and that, while defendant would have the right to settle the suit without the approval of United and Bliss, such disposition "would be entirely at Superior's expense, and the obligations of United and Bliss under their guarantees would be completely vitiated." Defendant thereupon filed its answer on

October 9, 1946. In the interval between that date and the filing of the instant motion, a period of almost 27 months, there were two court hearings concerning the setting of a trial date, pre-trial conferences, examination of witnesses, depositions, plant inspections, and submission of briefs and memoranda. At no time throughout that interval did defendant, United, or Bliss seek court permission to add Bliss or United as parties to the instant case. In fact, the apparent strategy of Bliss and United, as reflected in their agreement with defendant and the copious litigation to date involving these patents, was to attempt to prevent any determination adverse to their positions from being binding upon them in other like litigation. In view of these considerations, I think it would be both inequitable and incongruous—particularly when this Court has held that United is a licensee of plaintiff as to one of the patents, Cold Metal Process Co. v. United Engineering & Foundry Co., D.C., 3 F. Supp. 120, supra, and an accounting of United to plaintiff is in process—to include Bliss and United in an order disposing of a case in which they expressly refrained from participating as parties until after the motion to dismiss had been filed and argued; see opinions filed this date sur motion of United to intervene and sur motion of defendant for leave as a third-party plaintiff to serve a summons and complaint on Bliss and United. Consequently, even if Rule 41(a)(2) gave this Court the power to impose as a condition that plaintiff agree not to bring or maintain suit against Bliss and United on the basis of the allegedly infringing mills, I think the facts here do not warrant imposition of such a condition upon plaintiff.

The lone remaining difference between plaintiff and defendant, therefore, is whether payment of taxable statutory costs and litigation expenses should be made a condition of dismissal, and, if so, to what extent. I deem it unnecessary to ascertain the exact scope of information known to plaintiff on December 8, 1948,[1] concerning the indemnity agreements defendant had made with United and Bliss. Plaintiff did have notice of the existence of the agreements prior to that time, and nevertheless waited until the date set for trial to file the dismissal motion. This Court believes, therefore, that dismissal of the instant complaint should be contingent upon the assumption by plaintiff of some measure of the expenses incurred by virtue of the instituting of an action which plaintiff no longer wishes to pursue.

Had plaintiff proceeded to trial and lost on the merits, this Court would have had the power to order plaintiff to pay the attorney fees of defendant. Act of August 1, 1946, c. 726, § 1, 60 Stat. 778, 35 U.S.C.A. § 70. With reference to this power, however, the Congressional history of the amendment indicates that it was to be used sparingly.[2] The instant case is not one warranting the application of this provision. Since the appellate court in this circuit did find both patents here involved to be valid,[3] as did this Court with respect to Patent No. 1,779,195,[4] it would be difficult indeed to assert that plaintiff was not justified in bringing defendant into court; cf. Krasnow v. Sacks & Perry, D.C.N.Y. 1945, 58 F.Supp. 828, 829. Bliss and United, both of which companies with at least the acquiescence of defendant chose not to seek to intervene in this case at any

---

[1] According to plaintiff, it was when depositions were taken on December 8, 1948, that plaintiff for the first time gained "all of the pertinent facts with regard to the conduct of this case by Bliss, United and Superior * * *."

[2] "It is not contemplated that the recovery of attorney's fees will become an ordinary thing in patent suits. * * * The provision is also made general so as to enable the court to prevent a gross injustice to an alleged infringer." Senate Report No. 1503, June 14, 1946, U.

S.Code Congressional Service 1946, page 1387.

[3] Cold Metal Process Co. v. Carnegie-Illinois Steel Co., 3 Cir., 1939, 108 F. 2d 322, certiorari denied 1940, 309 U.S. 665, 60 S.Ct. 590, 84 L.Ed. 1012, rehearing denied 1940, 309 U.S. 697, 60 S. Ct. 709, 84 L.Ed. 1037.

[4] Cold Metal Process Co. v. United Engineering & Foundry Co., D.C.W.D. Pa.1933, 3 F.Supp. 120, appeal dismissed 3 Cir., 1934, 68 F.2d 564, certiorari denied 1934, 291 U.S. 675, 54 S.Ct. 530, 78 L.Ed. 1064.

time prior to the filing of the instant motion, have undertaken to defray attorney fees which might well have not been awarded defendant if the case had gone to trial. It is also not inapposite to note that, since counsel for defendant have represented a substantial number of other persons in litigation similar to that at bar,[5] it is not unreasonable to assume that much of the preparation of the defense in this case was foreshadowed by these other proceedings. Accordingly, this Court will not impose the payment of attorney fees as a condition to granting the instant motion.

As has been indicated above, some measure of the expenses other than attorney fees incurred in defense against the instant complaint should be borne by the plaintiff. At this posture of the case, however, this Court does not have sufficient information for determining what liquidated amount plaintiff must pay if the motion for dismissal is to be granted. Plaintiff did indicate that its motion is not to be construed as one which must either be granted as such or denied in toto; see American Engineering Co. v. Stoker Castings & Service, D.C.Mass.1942, 44 F.Supp. 96, Federal Savings & Loan Ins. Corp. v. First Nat. Bank, etc., D.C.W.D.Mo.1945, 4 F.R.D. 313, 316, and Wilson v. Jolly, D.C. N.D.Tex.1948, 7 F.R.D. 649, 650. Accordingly, I shall grant a motion to dismiss upon the following terms and conditions: (1) that plaintiff shall not again assert a claim against defendant for its alleged infringement upon either or both of the patents in suit; (2) that plaintiff shall pay to defendant the taxable statutory costs; (3) that plaintiff shall pay to defendant such amount on account of expenses, but not including any allowances for attorney fees, as this Court shall deem to be reasonable and equitable after a hearing limited to that consideration; and (4) the plaintiff shall file with the Clerk of this Court on or before the 2nd day of March, 1949, an amended motion incorporating conditions 1, 2, and 3 above. Otherwise, the motion to dismiss will be denied.

### On Motion to Dismiss

This action having come on to be heard on the 3rd day of January, 1949, on plaintiff's Motion to Dismiss, and having been argued by counsel and memoranda submitted thereon; and this Court, upon due consideration, on the 15th day of February, 1949, having rendered and filed on plaintiff's original Motion to Dismiss an Opinion stipulating therein that a motion to dismiss under certain terms and conditions would be granted, provided that plaintiff, within the time stated in said Opinion, filed an amended motion to dismiss; and plaintiff having now filed an appropriate Amended Motion to Dismiss, containing the terms and conditions determined by this Court to be proper,

Now, to-wit, this 1st day of March, 1949, It Is Hereby Ordered

That the Complaint herein be and it hereby is dismissed upon the following terms and conditions:

(a) That plaintiff shall not again assert a claim against defendant for its alleged infringement upon either or both of United States Letters Patent No. 1,744,016 and No. 1,779,195.

(b) That plaintiff shall pay to defendant all taxable statutory costs, said costs to be taxed by the Clerk pursuant to the Rules.

(c) That plaintiff shall pay to defendant on account of expenses such amount, not including any allowance for attorneys' fees, as this Court shall hereafter upon hearing deem and determine to be reasonable and equitable.

---

[5] See opinion filed this date sur motion of United to intervene. D.C., 9 F.R.D. 124.