## UNION NAT. BANK OF YOUNGSTOWN, OHIO, v. SUPERIOR STEEL CORPORATION.

### Civ. A. No. 5812.

United States District Court
W. D. Pennsylvania.

Feb. 15, 1949.

---

See also 9 F.R.D. 117.

Howard F. Burns and Baker, Hostetler & Patterson, all of Cleveland, Ohio, Clarence B. Zewadski and Whittemore, Hulbert & Belknap, all of Detroit, Mich., and William H. Webb and Webb, Mackey & Burden, all of Pittsburgh, Pa., for plaintiff.

Robbin B. Wolf, Louis Vaira, Elder W. Marshall, Robert J. Dodds and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., and Charles H. Walker, Clarence D. Kerr, Robert B. Whittredge, William F. Moss, III, Fish, Richardson & Neave, all of New York City, for defendant.

Jo. Bailey Brown, of Pittsburgh, Pa., for petitioner United Engineering & Foundry Co.

O'CONNELL, Circuit Judge.

This matter comes before the court on motion of United Engineering & Foundry Company to intervene as party defendant.

Plaintiff, trustee of The Leon A. Beeghly Fund, is the holder of two patents issued in connection with metal rolling. Defendant is a corporation which, inter alia, uses seven 4-high mill stands alleged by plaintiff to infringe upon those patents. United Engineering & Foundry Company ("United") was manufacturer and vendor to defendant of three of those seven mills.

The two patents were issued in 1930. Since that time, a not inconsiderable amount of litigation involving those patents has reached the courts. For the purposes of the motion at hand, it is sufficient to note that, in addition to the complaint sub judice, users of mills of United are being sued in at least four other jurisdictions; that one of the patents was the basis of a suit instituted by plaintiff[1] in this court against United almost eighteen years ago, an adjudication thereon being had, Cold Metal Process Co. v. United Engineering & Foundry Co., D.C.W.D.Pa.1933, 3 F. Supp. 120, appeal dismissed 3 Cir., 1934, 68 F.2d 564, certiorari denied 1934, 291 U.S. 675, 54 S.Ct. 530, 78 L.Ed. 1064; that this court thereafter dismissed a petition by plaintiff for the appointment of arbitrators, D.C.W.D.Pa.1935, 9 F.Supp. 992; that this court also discharged a rule to show cause why plaintiff should not be granted a preliminary injunction restraining United from prosecuting suits elsewhere, D.C.W.D.Pa. 1935, 9 F.Supp. 994, but was reversed on

---

most presumptuous" for him to attempt to declare the patent invalid at that stage of the proceedings.

[1] For purposes of clarity, the word "plaintiff" will be used in this opinion to include the Cold Metal Process Company, predecessor in title to plaintiff.

appeal 3 Cir., 1935, 79 F.2d 666; that this court eventually found a contract between plaintiff and United to be valid and subsisting, 1938, 36 U.S.P.Q. 143, which finding was affirmed on appeal, 3 Cir., 1939, 107 F.2d 27, as a result of which a master was appointed, in proceedings still pending, to determine what payments United should make to plaintiff; and that this court, in 1942, refused a motion by United to file a second supplemental answer and counterclaim, D.C.W.D.Pa.1942, 43 F.Supp. 375.

On June 20, 1946, plaintiff filed the instant complaint against defendant. Shortly thereafter, defendant notified United of the pendency of the suit, and, in accordance with an indemnity provision in the agreement of sale of the United machinery to defendant, called upon United to assume defense of the suit and hold defendant safe against any decree and costs which might be entered against defendant.

On August 5, 1946, United by letter advised defendant that United intended "to comply fully with both the letter and spirit of our guarantee to you," and stated that its attorneys would confer with those of defendant on steps to be taken.

On October 2, 1946, counsel for United sent plaintiff a lengthy letter, which United expressly approved a week later. The letter suggests additions to the answer of defendant, approves the answer, and authorizes defendant "to proceed in its own name for the present with this defense by souncel [sic] of Superior's choosing." Further, United states that it would not "in this suit join in or finance any attack on validity of the patents in suit"; that, "should it prove to be impracticable to separate the expenses of this special defense, or if situations arise that make the special defense inconsistent with Superior's other defense, it may be necessary to take steps to have the court eliminate United's mills from this suit, or to segregate the defenses"; and that "in view of the fact that this Cold Metal-United litigation has been pending for a long time, that a large record has been built up bearing upon the issues above mentioned, and that there are special equities favorable to United established in that record, *we think it desirable that any decision upon United's contractual rights and obligations based on mills sold by it be determined in the suit between Cold Metal and United* and under control of United's counsel rather than in the Superior case." (Emphasis supplied.)

The answer to the complaint, filed October 9, 1946, includes verbatim the additions suggested in the United letter.

Since the filing of the instant complaint, there have been two court hearings concerning the setting of a trial date; pretrial conferences, examination of witnesses, depositions, and plant inspections; and briefs and memoranda have been submitted to the court. At no time throughout this period of more than two years has United applied to this court to intervene.

On January 3, 1949, a date which had been set for trial two and one-half months previously, counsel for each party introduced their associates in the case. Plaintiff then moved to dismiss its own case, of which action plaintiff had notified defendant on December 31, 1948.[2] The motion to dismiss was argued extensively by counsel for both parties for approximately two hours. The court then stated, "I think we have had enough argument," and was proceeding to fix a date for the filing of briefs, when counsel for United, who had been in court virtually from the beginning of the hearing, came to the bar and sought permission to submit this motion to intervene.[3] The motion of United was taken under advisement; and the court has read memoranda by plaintiff, defendant, and United with reference to the issues presented by the motion of United to intervene.

Whether or not the motion of United is to be granted is governed by Rule 24 of

[2] "United had no knowledge whatever of the intention of plaintiff to dismiss until December 31st." Memorandum in Support of United's Petition to Intervene as a Party Defendant, pages 4 and 5. It would appear, therefore, that United learned of the motion of plaintiff on the same day as defendant did.

[3] The official transcript of proceedings of the January 3, 1949, hearing is 52 pages in length. The first remark of counsel for United begins on the bottom line of page 46 of the transcript.

the Federal Rules of Civil Procedure, 28 U.S.C.A.

■ Whether application for intervention be of right or permissive, the rule specifies that it be timely. I find that the application of United does not meet that requirement. It is perfectly clear that United has been fully aware of the status of the instant suit from its very inception. Although defendant asked United to undertake defense of the suit more than two years ago, United voluntarily elected that the defense "be controlled by Superior and be conducted through counsel employed by Superior with the approval of United." (Memorandum in Support of United's Petition to Intervene as a Party Defendant, page 3.) As justification for its failure to file this application earlier, United says only that " * * * there was no occasion to do so. Until December 31, 1948, there was every reason to believe, and United did believe, that the case would be tried, and that all of the issues raised by the pleadings would be adjudicated." (Memorandum in Support of United's Petition to Intervene as Party Defendant, page 4.) This seems to me all the more reason why United should have acted much earlier, if United wanted its own attorneys to handle the defense of license. It is evident that the real purpose of the motion to intervene is to affect the determination of the motion of plaintiff to dismiss.

■■ In Tennessee Coal, Iron & R. Co. v. Muscoda Local 123, D.C.N.D.Ala.1946, 5 F.R.D. 174, 177, the court said: "It appears to be the generally accepted rule that petitions for intervention will not normally be allowed once the actual trial has begun or is about to begin. Smith v. Gale, 144 U.S. 509, 12 S.Ct. 674, 36 L.Ed. 521; White v. Hanson, 10 Cir., 126 F.2d 559; Merriam v. Bryan, 9 Cir., 36 F.2d 578; cf. Mullins v. De Soto Securities Co., 5 Cir., 136 F.2d 55; Annotation. 127 A.L.R. 668." See also Cameron v. President and Fellows of Harvard College, 1 Cir., 1946, 157 F.2d 993, 996; Lockwood v. Hercules Powder Co., D.C.W.D.Mo.1947, 7 F.R.D. 24, 28; Shipley v. Pittsburgh & L. E. R. Co., D.C.W.D.Pa.1948, 7 F.R.D. 744, 745; and cf. Baltimore & O. R. Co. v. Thompson, D.C.E.D.Mo.1948, 8 F.R.D. 96, 97. Whether or not an application is timely being within the trial court's discretion to determine, see Lockwood v. Hercules Powder Co., supra, I deem it clear that United has not filed a timely application to intervene.

■ I find further that the provisions of Rule 24(a)(2) may not be here invoked by United. Whether or not United would be bound by a judgment in the instant action I need not, and do not, decide; for another prerequisite of the Rule is that "representation of the applicant's interest by existing parties is or may be inadequate." The motion of United to intervene nowhere asserts that representation of United by defendant is or may be inadequate. Its memorandum in support of the motion to intervene contains only this bare allegation: "United's interests cannot be properly represented as matters now stand unless it is allowed to intervene. In the turn of events of the last few days it is apparent that United's interest and obligation is in certain respects different from that of the other guarantor [the E. W. Bliss Co.] and that control of the litigation by either Superior or Bliss, or jointly by them, may involve interests and procedure not appropriate to the defenses peculiar to United's license rights." Presumably the "turn of events of the last few days" is the motion of plaintiff to dismiss. If United was content for the past two years to permit defendant to handle the defense of license, it is difficult indeed to perceive why the motion to dismiss should make the present representation of United inadequate. It is not inapposite to note that counsel for defendant, of whom United has expressly approved, has performed in like capacity concerning the patent rights here in issue on behalf of American Sheet & Tin Plate Co. (later Carnegie-Illinois Steel Corporation), United States Steel Corporation, Greer Steel Company, Ford Motor Co., McLouth Steel Corporation, Bethlehem Steel Co., Youngstown Sheet & Tube Co., Wheeling Steel Corporation, and Granite City Steel Co.; in addition, counsel for defendant is representing E. W. Bliss Company in a declaratory judgment suit against plaintiff, pending in the Northern District

of Ohio, and assisted the government in an unsuccessful suit seeking cancellation of the patents on the ground of fraud in the procurement. Finally, in this court on January 3, 1949, counsel for defendant presented a vigorous argument directed to the position that, if the motion to dismiss be granted by the court, the terms of such dismissal be such as to prevent plaintiff from asserting substantially the same cause of action against United. I am satisfied that United has not filed its petition to intervene on the basis of an opinion that the defense of its interests by counsel for Superior is or may be inadequate.

■ Still other reasons of compelling nature lead me to decline permission to intervene. As the statement of United itself in the October 2, 1946, letter states, it certainly seems desirable that the contractual rights and obligations which United claims to possess be determined in the suit pending in this court between plaintiff and United, which suit is considerably further advanced and logically entitled to precedence. See Cresta Blanca Wine Co. v. Eastern Wine Corporation, 2 Cir., 1944, 143 F.2d 1012, 1014-1015. Moreover, a suit based upon allegations of past infringement of patents which have now expired can hardly be said to be a matter in which the public has a substantial interest.

■ Following the precepts set forth by the Supreme Court of the United States in Allen Calculators v. National Cash Register Co., 1944, 322 U.S. 137, 141-142, 64 S.Ct. 905, 88 L.Ed. 1188, I believe that the instant case, for the reasons outlined above, is not one in which the trial court should permit intervention under the provisions of Rule 24(b).

The motion will therefore be denied.

### Supplemental Opinion

In support of its motion to intervene in the instant patent infringement suit, United Engineering & Foundry Company has moved for a hearing, at which United proposes to prove by testimony that counsel for plaintiff knew the complete details of the indemnity provision of the contract between defendant and United, and that statements to the contrary by counsel for plaintiff "constitute an attempted fraud on the Court."

■ Filed this date is an opinion and order of the Court denying the motion of United to intervene. As will be seen by reference to that opinion, the decision to deny the motion to intervene is not based upon the extent to which plaintiff and counsel of plaintiff were acquainted with the details of the aforementioned indemnity agreement. Knowledge of the indemnity agreements is here immaterial to the question whether United should be permitted to intervene at this posture of the case.

The motion will be denied.