Gerry W. MONROE, et al., Plaintiffs,

and

Equal Employment Opportunity Commission, Plaintiff-Intervenor,

v.

UNITED AIR LINES, INC. and Air Line Pilots Association, International, Defendants.

Lee F. HIGMAN, et al., Plaintiffs,

and

Equal Employment Opportunity Commission, Plaintiff-Intervenor,

v.

UNITED AIR LINES, INC. and Air Line Pilots Association, International, Defendants.

Nos. 79 C 360, 79 C 1572.

United States District Court, N. D. Illinois, E. D.

May 25, 1982.

---

Raymond C. Fay, Alan M. Serwer, Haley, Bader & Potts, Chicago, Ill., for plaintiffs.

Robert Hermes, Winston & Strawn, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

In these consolidated actions invoking the Age Discrimination in Employment Act ("ADEA"), plaintiff air line pilots (in *Higman*) and flight engineers (in *Monroe*) challenge the mandatory retirement age of 60 established for Second Officers (flight engineers) by United Air Lines, Inc. ("United"). This Court's June 30, 1981 memorandum opinion and order (the "Opinion") permitted notice to be sent to potential plaintiffs informing them of their right to "opt in" to this action. 90 F.R.D. 638. Plaintiffs now seek leave to allow seven individuals, who filed their consent forms shortly after the deadline provided in the notice, to join as added plaintiffs. For the reasons stated in this memorandum opinion and order that motion is granted.

Under ADEA (which incorporates procedural remedies of the Fair Labor Standards Act, 29 U.S.C. § 626(b)) a plaintiff can bring a representative action on behalf of all similarly situated employees who consent in writing. 29 U.S.C. § 216(b). That provision specifies no time limitation for opting into a lawsuit.[1] *Joyce v. Sandia Laboratories*, 23 Empl.Prac.Dec. (CCH) ¶ 31,043A at 16,407 (N.D.Cal.1980).

As the Opinion held, ADEA does not in terms permit notice to potential class members to inform them of the need to opt in. But this Court also held the statute did not prohibit such notice and authorized a notice as appropriate in the circumstances of this case. That notice specified that consent had to be filed by October 14, 1981, failing which an employee could not join in this action.

This Court set the outside filing date as a practical matter, to permit ascertainment of the actual parties to the litigation well in advance of trial. But we should not become slaves of that deadline beyond its reason for existence. All seven new plaintiffs sought to be admitted into this action within approximately one month after the deadline and appear to have reasonable excuses for failing to meet the timetable. Defendants have not shown any real prospect of prejudice from permitting these additional plaintiffs.[2] Individual discovery for any particular plaintiff is minimal, and trial is still a few months away. And it should be remembered that in at least some of the cases the alternative may be to force the filing of individual lawsuits—scarcely productive of economy either for the litigants or for the courts.

### Conclusion

Plaintiffs' motion is granted. Howard Anderson, Lester Good, Lynn Grady, Russell Gustafson, Howard Keller, Seymour Lehman and DeLloyd Tobie are all granted

---

1. Common sense would call for opting in sufficiently in advance of trial to permit proper preparation by the defendant, let alone before any result was reached. But under any standard, the consent forms by the seven proposed plaintiffs were filed early enough so as not to present a problem whether the opting-in was *statutorily* permissible.

2. Indeed a perplexing problem would be presented if a potential plaintiff actually did not receive the court-ordered notice. Were such a person now to seek to opt into this action he probably would not be covered by the deadline in the notice. It would pose some logical difficulty to keep that potential plaintiff from opting in.

leave to become parties plaintiff in this action.[3]

---

**3.** In *Johnson v. American Airlines, Inc.*, 531 F.Supp. 957 at 964, 28 Empl.Prac.Dec. (CCH) ¶ 32,461 (N.D.Tex.1982), *recon. denied*, 28 Empl.Dec. ¶ 32,463, the Court followed this Court's decision in issuing a notice to prospective plaintiffs. It later (Mar. 16, 1982) granted the privilege of joinder to late-filing plaintiffs under much the same circumstances as discussed in this opinion.