Nanette KELLEY, Appellant,

v.

Tony ALAMO, a/k/a Tony Fernando, a/k/a Tony Fernando Alamo, a/k/a Bernie Lazar, a/k/a Bernie Hoffman, a/k/a Bernie Lazar Hoffman, a/k/a Boris Lazar, a/k/a Papa Tony, Ind., and as Officer and Director of Tony and Susan Alamo Foundation and Music Square Church, Appellees.

No. 91–1271–WA.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 1991.

Decided May 13, 1992.

Peter N. Georgiades, Pittsburgh, Pa., argued (Lazar M. Palnick, and Norman Wilkinson, Fort Smith, Ark., on the brief), for appellant.

Counsel did not argue on behalf of the appellees.

Before McMILLIAN and JOHN R. GIBSON, Circuit Judges, and HUNTER,[*] Senior District Judge.

ELMO B. HUNTER, Senior District Judge.

Nanette M. Kelley appeals from the district court's Order and Judgment denying her relief for her "class"[1] claim advanced

---

1. Section 16(b) of the Fair Labor Standards Act provides, *inter alia*, that an action may be maintained against an employer "by any one or more employees for and in behalf of himself or them-

under the Fair Labor Standards Act, 29 U.S.C.A. § 201, *et seq.*

On September 7, 1990, the district court entered an amended order and judgment (its original order had been filed April 27, 1990) in favor of class "representative plaintiffs" as to the issues of liability and damages under the Fair Labor Standards Act and against defendant Tony Alamo. Prior to the entry of its original order of April 27th, three "class plaintiffs," including the appellant Nanette M. Kelley, notified the court of their desire to be included as plaintiffs in the case by filing consents of representation. Two of the "class plaintiffs" provided proof of damages to the district court prior to the entry of the court's amended judgment and order. Appellant Kelley, however, provided her proof of damages after the court had entered its amended order and judgment.

The district court, on January 4, 1991, awarded damages in favor of the two "class plaintiffs" who provided proof of damages prior to entry of the district court's amended judgment and order,[2] but denied relief to the appellant, on the basis that her proof of damages "was not offered until November 1, 1990, after entry of the amended judgment against defendant Tony Alamo." *Miller, et al. v. Tony & Susan Alamo Foundation, et al.,* No. 88–2206 (W.D.Ark. filed Jan. 4, 1991). The district court took this action, notwithstanding the fact that it had not previously established, nor provided any notice of, a cutoff date for submission of "class plaintiffs'" proofs of damages.

## BACKGROUND

This case is another chapter in the continuing saga of the employees of Tony Ala-mo attempting to collect wages to which they are legally entitled. This action commenced October 12, 1988. Count I of the Complaint was for unpaid minimum wages and overtime pay due under the Fair Labor Standards Act (FLSA), 29 U.S.C.A. § 201, *et seq.* The original complaint was subsequently amended February 8, 1990.

This action has been styled a "class action" pursuant to Section 16(b) of the Fair Labor Standards Act. 29 U.S.C.A. § 216(b) (West Supp.1991). It was captioned in the name of six individual plaintiffs on behalf of themselves and *all others similarly situated.* Plaintiffs specifically pled that they wished to pursue the matter as a "class action" under the authority and procedures of 29 U.S.C. § 216(b) and that there were many other similarly situated present and former employees who may wish to file claims. By December 11, 1989, three individuals, including the appellant, filed consents to be represented as plaintiffs in the action.[3]

On April 27, 1990, the district court entered a judgment in favor of the plaintiffs and ordered money damages paid to the named "representative plaintiffs." The judgment was amended on September 7, 1990. The district court reserved its judgment as to the amount of damages due the three "class plaintiffs" until a later date. Following the court's September 7th amended judgment, the record discloses correspondence to the court from plaintiffs' counsel suggesting that, in the absence of statutory guidance, the proof of damages for the "class plaintiffs" in this FLSA action should proceed in the same way as in a

selves and *other employees similarly situated."* 29 U.S.C.A. § 216(b) (West Supp.1991) (emphasis added). Of course, this is not a true Rule 23 class action. Many courts and commentators, however, have used the vernacular of the Rule 23 class action for simplification and ease of understanding when discussing representative cases brought pursuant to § 16(b) of the FLSA. We shall do the same.

In this opinion, the designation "representative plaintiff(s)" will refer to the plaintiff(s) originally named in this suit, and the designation "class plaintiff(s)" will refer to the plaintiff(s) who filed written consent(s) to be repre-sented, thereby opting into the suit as party plaintiff(s).

2. As noted above, the district court originally entered its judgment in favor of the "representative plaintiffs" on April 27, 1990, 748 F.Supp. 695, and amended that judgment by order filed September 7, 1990.

3. Claudia Jean Greiner filed her consent October 16, 1989; Ave Marie Askey filed her consent November 1, 1989; and Nanette Kelley (appellant) filed her consent December 11, 1989.

Rule 23 class action.[4] The record is devoid of any indication that the district court responded to plaintiffs' suggestion, specified alternative procedures, or otherwise set any date by which proofs of damages should be filed by the "class plaintiffs."

Affidavits and supporting exhibits were filed by each of the "class plaintiffs" setting forth proof of the amounts of damages claimed. Ave Marie Askey filed her affidavits and exhibits January 10, 1990, Claudia Jean Greiner filed January 22, 1990 and appellant Nanette Kelley filed November 1, 1990. On January 4, 1991, the district court granted money damages to "class plaintiffs" Askey and Greiner but denied relief to appellant Kelley. The sole reason given by the court for denying relief to the appellant was that she did not offer proof of damages until November 1, 1990, a date after the court had entered its September 7, 1990, amended judgment ordering money damages for the named "representative plaintiffs."[5]

This case requires us to consider, in a FLSA "class action" in which the "class plaintiffs" opted into the case before the court made a liability determination, and in which the district court considered the proof of damages of the "class plaintiffs" separate from the proof of damages of the named "representative plaintiffs," and in which the court neither set, nor provided notice of, any cutoff date for submission of "class damages," if a district court may deny a particular "class plaintiff" relief solely on the ground that she did not file her proof of damages until after the court's original determination of liability. We hold it cannot and now reverse.

## I.

Although the FLSA provides for a form of "class action" suit under 29 U.S.C.A.

§ 216(b), neither the statute nor the regulations promulgated thereunder provide procedural guidance for the processing of such suits. Directly applicable case law is equally sparse.

In this case, appellant filed her consent to be represented as a "class plaintiff" prior to the time the district court entered its judgment and order establishing liability in favor of and awarding money damages to the named "representative plaintiffs." The liability of the defendant had been established prior to the court taking up the amount of damages due any of the three "class plaintiffs." Notwithstanding suggestions by plaintiffs' counsel regarding a procedure by which the court might consider proof of damages by the "class plaintiffs," the court did not specify any such procedure (or alternative procedure) for submitting proofs of damages, nor did it set any date or dates by which such submissions should be made. Proof of damages with respect to all three "class plaintiffs" had been submitted to the court at least two months before it considered the "class damages" question. Appellant submitted her proof of damages November 1, 1990, and the district court entered its order and judgment on January 4, 1991. In deciding the question of "class damages," the district court, in effect, retroactively set a cutoff date of September 7, 1990 (the date of entry of its amended judgment), for the submission of proof of damages, thereby denying appellant relief. Appellant argues that retroactively setting the September 7th cutoff date was arbitrary, bore no significant relationship to the question of "class damages" and was contrary to the purposes of the FLSA. We agree.

The FLSA should be given a broad reading, in favor of coverage. It is a

---

**4.** Plaintiffs' counsel suggested that the court proceed in this matter as it would in other class actions. Letter from Lazar Palnick, plaintiffs' counsel, Hess, Reich, Georgiades, Wile & Homyak, P.C., to district court (Oct. 30, 1990); letter from Peter N. Georgiades, plaintiffs' counsel, Hess, Reich, Georgiades, Wile & Homyak, P.C., to district court (Nov. 20, 1990).

**5.** After ordering that a judgment be entered in favor of Ave Marie Askey for $65,350.00 and

Claudia Greiner in the amount of $118,744.00, the court went on to state: "It FURTHER APPEARING that the only quantitative proof of damages as to plaintiff Kelley was not offered until November 1, 1990, *after entry of the amended judgment against defendant Tony Alamo*, it is ORDERED that relief as to plaintiff Kelley be, and it is hereby, DENIED." *Miller, et al. v. Tony & Susan Alamo Foundation, et al., supra.*

remedial statute that "has been construed liberally to apply to the furthest reaches consistent with congressional direction." *Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211, 79 S.Ct. 260, 264, 3 L.Ed.2d 243 (1959). A generous reading, in favor of those whom congress intended to benefit from the law, is also appropriate when considering issues of time limits and deadlines. *See generally, e.g., Anderson v. Montgomery Ward & Co.*, 631 F.Supp. 1546, 1550 (N.D.Ill.1986), *aff'd*, 852 F.2d 1008 (7th Cir.1988). In the present case, appellant joined the case prior to the court determining the defendant's liability. Appellant also submitted her proof of damages prior to the court considering the issue of damages due the "class plaintiffs." Under such circumstances, this Court fails to see the magic of the district court's September 7th cutoff date.

■ As noted above, this Court has been unable to find any authority precisely on point. There are, however, cases dealing with the authority of district courts to set cutoff dates for the filing of consents to representations. *See, e.g., Monroe v. United Air Lines, Inc.*, 94 F.R.D. 304 (N.D.Ill. 1982); *Kuhn v. Philadelphia Elec. Co.*, 85 F.R.D. 86 (E.D.Pa.1979); *Lockwood v. Hercules Powder Co.*, 7 F.R.D. 24 (W.D.Mo. 1947). The courts in these cases took the approach that plaintiffs seeking to intervene as "class plaintiffs" were to be given the maximum latitude consistent with fairness to the defendant, so long as there was no express Congressional direction to the contrary. The above cited cases also support the proposition that any cutoff date set by the court for "class plaintiff" intervention should be set *prospectively*.[6] *Cf. id.*

Of course, there are cases that have cutoff "class plaintiff" intervention if such intervention would clearly prejudice the defendant. *E.g., Schempf v. Armour & Co.*, 5 F.R.D. 294 (D.Minn.1947) (requiring inter-

vention by a specific date so that defendants know the parties). No such prejudice exists, however, in the present case. In light of the fact that all "class plaintiffs," including the appellant, had filed consents to representation prior to the court considering the issue of defendant's liability, defendant was made aware of all possible parties to the case and cannot claim surprise.

## II.

■ Appellant also argues that, by not setting a cutoff date for the filing of proof of damages for the "class plaintiffs," and by not providing advance notice of such date, the district court denied appellant due process of law.

Once the appellant opted in as a "class plaintiff" in this suit, she had a very substantial interest that would be affected by the district court's decision. Providing adequate advance notice of procedures that may affect the substantive rights of litigants is an integral part of the notion of fundamental fairness underpinning the guarantee of due process provided by the Fifth and Fourteenth Amendments to the United States Constitution. *Cf. Thoen v. United States*, 765 F.2d 1110, 1114–15 (D.C.Cir.1985) (court, noting that the courts' rules embody the notion of fundamental fairness "buttressed by the constitutional requirement of due process," held it was error for the lower court to convert a motion to dismiss into a motion for summary judgment without providing notice of its intention to do so).

The concept of " 'due process is flexible and calls for such procedural protections as the particular situation demands.' " *Matthews v. Eldridge*, 424 U.S. 319, 334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)). In *Partlow v. Jewish Orphans' Home, Inc.*, the

---

**6.** In *Roberts v. Western Air Lines*, 425 F.Supp. 416 (N.D.Cal.1976), the court denied intervention of a "class" plaintiff without setting a prospective deadline for intervention. The case is distinguishable, however, in that the "class" plaintiff waited until after entry of judgment

before seeking to intervene. The court disallowed such "one way" intervention. *Id.* at 419. Such is not the case in the instant matter. Appellant here filed her consent to representation, thus intervening in this suit, prior to the district court's entry of judgment.

Ninth Circuit held that due process considerations required the district court to provide notice to opt-in "class plaintiffs" who had previously filed ineffective consents to ensure that such plaintiffs' claims would not be barred by the statute of limitations. 645 F.2d 757, 759–60 (9th Cir.1981). The court reasoned that the trial court had an obligation to ensure that the putative "class plaintiffs" were apprised of proceedings which may finally affect them. *Id.* at 759 (citations omitted). Similarly, in the present case, we believe that the trial court should have provided appellant adequate advance notice of any date beyond which the submission of her proof of damages would be cutoff. Under the circumstances of this case, we believe it was fundamentally unfair for the trial court, without notice, to retroactively establish a deadline that effectively precluded appellant from submitting her proof of damages.

## CONCLUSION

For the aforementioned reasons, we REVERSE that portion of the district court's decision that denied appellant relief for the reason that she did not file her proof of damages until November 1, 1990, and REMAND the case to the district court to enter an order and judgment in accordance with this opinion.

Accordingly, the decision of the district court is REVERSED and REMANDED.