**MICHIGAN SUPERVISORS' UNION; OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION; William T. Gannon, on behalf of himself and all other similarly situated supervisory security personnel employed by Defendant; and Travis Jones, on behalf of himself and all other similarly situated civilian employees of Defendant, Plaintiffs,**

v.

**STATE OF MICHIGAN; DEPARTMENT OF CORRECTIONS; and Department of Civil Service, Defendants.**

No. 5:91:CV:47.

United States District Court,
W.D. Michigan.

July 23, 1993.

Michael D. Sanders, Jeffrey L. Nyquist, Foster, Swift, Collins & Smith, PC, Lansing, MI, for plaintiffs.

Linda M. Olivieri, Lamont M. Walton, Asst. Attys. Gen., Raymond O. Howd, Frank J. Kelley, Atty. Gen., Lansing, MI, for defendants.

**OPINION**

ENSLEN, District Judge.

This case is before the Court on defendants' motion to strike class plaintiffs who filed consents to join this action after March 4, 1993. The underlying dispute is an action for recovery of unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* This case is brought as a class action under section 16 of the FLSA, 29 U.S.C. § 216.

The facts of this dispute are well-known by the parties and the Court.

***Discussion***

In their motion defendants argue that this Court should not allow additional plaintiffs to

join the class. In support of this position, defendants cite to *Roberts v. Western Airlines,* 425 F.Supp. 416 (N.D.Cal.1976). This case addressed the question whether under the Equal Pay Act of 1963, 29 U.S.C. § 206(d), additional plaintiffs should be allowed to join a class action after judgment had been entered in the case.[1] The *Western Airlines* court refused to allow additional plaintiffs to "opt-in" to the class action based on the following logic:

> While § 216(b) does not specify when an employee must become a party, individuals should not be allowed to do so after judgment has been entered. Such a practice would allow employees to be bound when a judgment is advantageous and to be free when it is unfavorable.

*Id.* at 419.

This decision makes sense to this Court. However, as plaintiffs point out, *Western Airlines* is clearly distinguishable from this case. Here, unlike *Western Airlines,* a number of issues are still pending such that it is unclear whether the final judgment in this case will, or will not, be advantageous to potential plaintiffs. For instance, the issue of damages is still pending, as well as the issue whether this Court should alter or amend its March 4, 1993 Opinion and Order. As such, there is much uncertainty as to benefits of joining this dispute.

Accordingly, this Court will deny defendants' motion. However, no more plaintiffs will be allowed to join the class *after* this Court signs its opinions on the issue of damages and the motion to alter or amend. After these two issues are resolved, then the *Western Airlines* rule will clearly be applicable to this case.[2]

---

1. The provision for maintaining a class action under the Equal Pay Act is the same as that applicable to a class action suit under the FLSA, 29 U.S.C. § 216(b).

2. For the record, I note that as of May 17, 1993 only twenty-one additional plaintiffs have joined this action.