**Clifford Daniel RAPER, and all other similarly situated employees, Plaintiffs,**

v.

**The STATE of Iowa, et al., Defendants.**

**Civil No. 4–94–cv–10237.**

United States District Court, S.D. Iowa, Central Division.

Feb. 14, 1996.

en E. Dykeman, Larry G. Mathers, Charles R. Wood, Kenneth J. Arduser, Ronald L. Turner, Carl Richard Pedersen, Richard D. Aringdale, Larry A. Hutchinson, Steven D. Marsh, Dennis E. Liekweg, Loren E. Achenbach, Donald L. Rowland, Millard N. Anderson, Edward Thomas Linder, Rick J. Henderson, Michael D. Gritton, Jerry Ketchum, Frank J. Fisher, Danny L. Petersen, Douglas R. Stream, Ralph E. Klein, John R. Abeltins, Richard E. Ockerman, Jim D. Hein, Leland Sellers, Robert J. Porter, James K. Ehresman, Timothy P. McDonald, Michael W. Metzger, Mahlon Y. Lamp, Robert J. Gorsuch, Arthur V. Ades, Frank Metzger, Clay F. North, Jr., Robert G. Alles, Thomas K. Gabriel, David L. Engelhardt, Calvin W. Clark, Gerald J. Skahill, George H. Mayer, Royce Anthony, Lee J. Meinert, Ralph E. Klein, Gary L. Herrick, Roger R. Brown, Dewey M. Jontz, Jr., Kenneth R. Reimgartner, Raymond G. Schwab, Charles F. Vaile, Richard J. Kinseth, Douglas E. Parish, David D. Reynolds, David Kaszinski, Robert W. Elliott, Steven R. Conlon, Larry L. Noble, Earl Usher, Jon R. Wilson, Terrance Hoil, Roger Moler, Jerry R. Henderson, Gary J. Cooney, Joseph L. Diaz, Gary H. Hoskins, Darrel L. Cox, Charles S. Antle, Bradford J. Thompson, Randall J. Jones, Mark C. Schumacher, Todd A. Misel, Donna D. Bacus, Michael J. Downs.

Jeffrey D. Farrell, Linny Emrich, Asst. Atty. Gen., Attorney General of Iowa, Des Moines, IA, Joseph D. Condo, Attorney General, Special Litigation Division, Des Moines, IA, for State of Iowa, Department of Iowa Public Safety.

Charles E. Gribble, Pamela J. Prager, Gribble & Prager P.C., Des Moines, IA, for Clifford Daniel Raper, Robert Messelheiser, Robert O. Garrison, Charles A. Black, Ronald W. Moon, Wayne D. Petersen, Fred O. Burger, Lavern V. Foughty, Larry L. Naber, Richard F. Fellin, Daniel E. Jahnke, Blaine Goff, Gary P. Neiuwsma, Douglas J. Mollenhauer, Ronald G. Makin, David L. Dudley, Leroy E. Orth, Gary L. Petersen, Wayne Hampton, Robert E. Thomas, John Edward Quinn, Robert J. Teneick, Keith L. Millard, C. Edward Swain, Charles Scott Tyler, Ronald E. Reid, Mark Probst, Marlo Feick, Lor-

Pamela J. Prager, Gribble & Prager P.C., Des Moines, IA, for Larry D. Jones, Mark A. Logsdon, Nickolas O. Durian, David A. Eick, Dallas Scott, Daniel R. Cowie, Robert A. Cox.

### RULING ON PLAINTIFFS' MOTION TO FILE CONSENTS

WALTERS, United States Magistrate Judge.

The above resisted motion is before the Court following hearing. This is a class action under the Fair Labor Standards Act

("FLSA"). 29 U.S.C. § 201 *et seq.* To be a member of the plaintiff class an employee must opt in by giving his or her consent to becoming a party. 29 U.S.C. § 216(b). The prospective plaintiff class includes personnel of the Iowa State Patrol, Division of Criminal Investigation, and Division of Narcotics Enforcement above the rank and file level. They are salaried employees subject to disciplinary suspensions without pay. As noted by Judge Longstaff, the "issue in the present case is the effect on the plaintiffs' salaried status of the disciplinary policy which has the possible sanction of suspension without pay." Ruling, at 16. This in turn depends on the applicability of the "salary test" which Judge Longstaff thoroughly discussed in his October 27, 1995 ruling on the parties' cross-motions for summary judgment. The facts were apparently undisputed as they related to the central legal issues. The court upheld the validity of the salary test with respect to public employees, determined the plaintiffs did not meet the requirements for its application, and accordingly were entitled to summary judgment on liability. The amount of damages has not been determined. Ruling at 24, 31.

■ The present motion was filed after the court's summary judgment ruling. Plaintiffs tender the consents to become plaintiff of seven state patrol sergeants who were promoted into the class after the filing of this action.[1] Defendants object "because it would permit a potential plaintiff to enter the suit after the risk of losing has passed." Defendants' brief, at 1. At argument the state requested that if the motion is granted, the Court set a deadline for joinder of any additional parties as plaintiff.

■ The United States Court of Appeals for the Eighth Circuit has observed that "[t]he FLSA should be given a broad reading, in favor of coverage." *Kelley v. Alamo,* 964 F.2d 747, 749 (8th Cir.1992). As a remedial statute, it is to be read generously in favor of those it protects and this approach

applies as well "when considering issues of time limits and deadlines." *Id.* at 750.

The statute does not limit the time within which a prospective plaintiff may opt in. Defendants rely on *Roberts v. Western Airlines,* 425 F.Supp. 416 (N.D.Cal.1976). The plaintiff there requested the court allow the airline's employees to opt in after the case had been decided on the merits. The court held employees should not be allowed to join after judgment had been entered because "[s]uch a practice would allow employees to be bound when a judgment is advantageous and to be free when it is unfavorable." *Id.* at 419. The court noted that one of the primary purposes of the 1966 amendments to Rule 23 was to eliminate "one way intervention" of this type. *Id. See* Rule 23, Notes of Advisory Committee on 1966 Amendment, subdivision (c)(3). In *Kelley* the Eighth Circuit suggested an FLSA plaintiff should be allowed to opt in before liability is determined. The holding, however, was limited—it was unfair for the trial court to retroactively establish a deadline for submitting proof of damages. *Kelley,* 964 F.2d at 751. *Kelley* did not address the issue of joinder of additional plaintiffs after a determinative legal issue is decided, but before completion of the damages phase of the litigation.

■ Though *Kelley* is not on point, the Court believes the Eighth Circuit expressed the operative principle by which the present motion should be decided. The court indicated that its review of the case law showed employees who want to opt in should be "given the maximum latitude consistent with fairness to the defendant, so long as there was no express congressional direction to the contrary." *Kelley,* 964 F.2d at 751. A categorical holding that, in every case, the opportunity to opt in is foreclosed after the determination of liability would be inconsistent with this flexible standard. The particular circumstances should be considered.

When the circumstances are examined here, the Court does not believe any unfair-

---

1. Following argument on the motion, plaintiffs, by separate motion, moved to add one additional party plaintiff, Sergeant Robert Cox. Cox was promoted to Sergeant after the filing of the initial motion to add parties plaintiff. The Court has considered the motion with respect to Sergeant Cox together with the initial motion. A total of seven employees are involved in the pending motions.

ness or prejudice results to defendants by allowance of the additional consents. *Roberts* is predicated on the idea that it is unfair to allow new plaintiffs to join and share in the spoils after the battle is won, but sit on the sidelines and remain free from the consequences of an unfavorable outcome. It is not accurate to so characterize the circumstances here, however, because, first, where liability is determined by the resolution of legal issues on undisputed facts as a practical matter an unfavorable outcome would have consequences with respect to any separate action by the non-joining class members, and second, there remains the risk the appellate court will disagree with the trial court (defendants have unsuccessfully attempted an interlocutory appeal). Further, plaintiffs have yet to prove their damages. *See Michigan Supervisors' Union v. Michigan,* 826 F.Supp. 1088, 1089 (W.D.Mich.1993) (distinguishing *Roberts* where issue of damages was still pending, as well as motion to alter or amend the court's opinion and order). The proposed interventions here are neither truly one-way nor without uncertainty.

Beyond this another relevant factor is defendants' limited additional exposure. The putative class is small, and the Court was informed at hearing that most who can join have done so. The seven sergeants in question all became members of the class after commencement of the action.

Finally, judicial economy, convenience of the parties, and the interest in reducing litigation expense are all served by allowing the additional plaintiffs to join. Were the Court to deny the motion, the additional plaintiffs state they would be compelled to file a separate action which, in all probability, would be consolidated with this one. Fed.R.Civ.P. 42(a). In any event, the Court having once decided the dispositive legal issues, the same result would be likely to obtain in the second action. There is no need to encourage multiple actions on the same subject. *See Monroe v. United Air Lines, Inc.,* 94 F.R.D. 304, 305 (N.D.Ill.1982) (delinquent consents allowed because forcing the filing of additional lawsuits is "scarcely productive of economy either for the litigants or for the courts").

Defendants have not shown it is unfair or prejudicial to them to allow the seven additional plaintiffs to opt in at this point. The remedial purposes of the FLSA and judicial economy favor granting the motion, and it will be so ordered.

Defendants' request a cut-off date for prospective plaintiffs to opt in. This request is reasonable. *Kelley,* 964 F.2d at 750. Neither side proposes any notice of this to remaining class members and the circumstances may make this unnecessary. *See Hoffmann La Roche, Inc. v. Sperling,* 493 U.S. 165, 169–170, 110 S.Ct. 482, 485–86, 107 L.Ed.2d 480, 487–489 (1989) (concerning notice to Section 216(b) class members).

In view of the foregoing, the following orders are entered:

1. The November 27, 1995 (# 67) and January 22, 1996 (# 74) motions to file consents to add party plaintiffs granted;

2. Any member of the subject class of employees wishing to opt in as a party-plaintiff in this litigation must do so by appropriate motion accompanied by a signed consent in proper form on or before **April 15, 1996.**

IT IS SO ORDERED.